# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER AMRINE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No.: 8:25-cv-1377-PX |
| ALEX NORWOOD, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1399-PX |
| KIPEN HENRY, *on behalf of himself and on behalf of all other similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1448 |

1

**PLAINTIFFS' MOTION TO CONSOLIDATE AND
TO APPOINT INTERIM LEADERSHIP COUNSEL**

Plaintiffs Christopher Amrine, Alex Norwood, and Kipen Henry (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move under Rule 42 of the Federal Rules of Civil Procedure to consolidate Case Nos. 8:25-cv-1377-PX, 8:25-cv-1399-PX, and 8:25-cv-1448 into the first filed action, Case No. 8:25-cv-1377-PX (collectively the "Related Actions"). Plaintiffs further move under Rule 23(g) of the Federal Rules of Civil Procedure for the Court to appoint Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Counsel for the consolidated action. This motion has the unanimous support of Plaintiffs from every case on file in these matters. The grounds for Plaintiffs' Motion are set forth in the incorporated Memorandum.

**MEMORANDUM IN SUPPORT**

**I.     BACKGROUND**

These cases arise from a cybersecurity incident wherein the network of Defendant J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("Fitzgerald Auto Malls" or "Defendant") was purportedly accessed by malicious actors on or around February 4, 2024 (the "Data Breach"). During the Data Breach, cybercriminals accessed and infiltrated the names and driver's license numbers (collectively, "Private Information") of a currently unknown number of Defendant's consumers.

Plaintiff Christopher Amrine is a consumer who shopped for a vehicle through Fitzgerald Auto Malls prior to the Data Breach and thus was a victim of the Data Breach. Defendant issued a

Breach Notice to victims in April 2025.[1] The notice letter stated that impacted individuals' Private Information, including full names and driver's license numbers, was accessed and potentially acquired by an unauthorized actor during the Data Breach. On April 30, 2025, Plaintiff Amrine filed a class action complaint against Defendant in this Court seeking injunctive relief and damages from Defendant due to its alleged failures to implement and maintain adequate data security measures to safeguard the Private Information in its possession. *See* Case No. 8:25-cv-1377-PX, ECF No. 1.

Thereafter, class action complaints were filed against Defendant in this Court by the remaining Plaintiffs. Similar to the Plaintiff Amrine, all Plaintiffs allege that their Private Information was compromised in the Data Breach. Moreover, all Plaintiffs seek injunctive relief and damages from Fitzgerald Auto Malls due to the same alleged conduct and highly similar legal theories, including negligence and breach of implied contract.

Both prior to and since filing the Related Cases, Proposed Interim Co-Lead Class Counsel have taken proactive steps to investigate the Data Breach, including, but not limited to, speaking with numerous class members, preparing pleadings, coordinating with other attorneys, and performing legal and fact research. Now, in the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Class Counsel pursuant to Federal Rules of Civil Procedure Rules 23(g)(3) and 42(a).

---

[1] A copy of the redacted Notice of Data Breach letter that was sent to all Plaintiffs can be found at https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/31d2ab6d-85bd-42c7-b612-be4d4f891fff.html

## II.    ARGUMENT

The Related Actions, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Security Incident and including common questions of law and fact, should be consolidated into one substantively unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

Likewise, the appointment of Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Class Counsel under Rule 23(g)(3) will support the unified and efficient prosecution of the consolidated actions, as set forth below.

### A.  The Court Should Consolidate the Related Cases

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). "If a common question of law or fact exists, then the district court must weigh the competing considerations to determine if consolidation is desirable." *Aquawood, LLC v. JFJ Toys, Inc.*, No. PX 16-3569, 2017 U.S. Dist. LEXIS 30730, at *2 (D. Md. Mar. 3, 2017). If the threshold requirement of a common question of law or fact is met, courts then consider the following factors in determining whether to exercise its discretion to consolidate:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

Ultimately, "[c]ourts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Id.* Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19CV00080, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020); *Eldridge v. McCabe, Weisberg & Conway, LLC*, Civil Action No. RDB-12-00287, 2012 U.S. Dist. LEXIS 56403, at *3 (D. Md. Apr. 20, 2012) ("Policies of judicial economy generally favor the consolidation of related actions.").

Where two or more actions against the same defendant share key factual and legal questions—including, as here, where the actions arise from the same Data Breach—consolidation under Rule 42(a) is warranted. *See, e.g.*, *Head v. Rakowski*, No. JKB-22-00566, 2025 U.S. Dist. LEXIS 7463, at *2-3 (D. Md. Jan. 13, 2025) (granting consolidation where the actions involve overlapping parties, factual allegations, and causes of action); *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 537 (D. Md. 2006) (consolidating cases with "entirely common issues" and where the primary questions in each action were identical); *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117 (N.D. Ga. May 12, 2022) (granting consolidation of data breach actions).

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. No responsive pleadings have been filed in any of the Related Cases.

Consolidation will allow the parties to avoid duplication during discovery since the Related Cases will involve the same relevant documents and the same individuals from Defendant will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully request that the Court order that any future class or representative actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated into this action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case."); *Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Because consolidation here serves the interest and convenience of both the parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases. Indeed, this motion has the support of the Plaintiffs from every case on file.

### B.  The Court Should Appoint Interim Co-Lead Class Counsel

Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)—which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual") § 10.22. The Committee Notes to the 2003 Amendments to Rule 23 emphasize that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

Fed. R. Civ. P. 23 Advisory Committee Notes (2003). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv) and (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage. *See, e.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 121CV269MSNJFA, 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022); *In re: Dairy Farmers of*

*Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013).

The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the entire class." Fed. R. Civ. P. 23(g)(2). Further, "[w]here consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file the a complaint." *See, e.g.*, *Easton v. Bailey*, Case No. 12-01716-DMG, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

Here Interim Co-Lead Class Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Interim Co-Lead Class Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from all cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Interim Co-Lead Class Counsel have previously and repeatedly worked together to successfully prosecute data breach class actions across the country. Because Interim Co-Lead Class Counsel have the case-

management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

### 1. Proposed Co-Lead Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date

Immediately after the public announcement of Defendant's Data Breach, Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Investigating Defendant's corporate structure;

- Investigating Defendant's clients;

- Interviewing numerous consumers injured by the Data Breach;

- Researching legal claims;

- Drafting initial pleadings; and

- Organizing Plaintiffs and counsel and consolidating the relevant action for unified proceedings, *i.e.*, via the Motion for Consolidation.

Interim Co-Lead Class Counsel worked to quickly organize. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Interim Co-Lead Class Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Interim Co-Lead Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the

best interests of the class.

### 2. Interim Co-Lead Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action

As set forth below, Interim Co-Lead Class Counsel's résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.").

Plaintiffs propose that the Court designate Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Class Counsel. As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### a. Nicholas A. Migliaccio

Nicholas A. Migliaccio is a partner at Migliaccio & Rathod LLP and has substantial experience serving as lead counsel alongside other firms as well, including in consolidated and multi-district litigation. Mr. Migliaccio is qualified, experienced, and capable of prosecuting the instant litigation and has an extensive and robust array of experience prosecuting a number of noteworthy data privacy, consumer protection, civil rights, environmental contamination, and wage theft cases. The firm's attorneys focus primarily on class actions and have been appointed

10

class counsel in a wide array of class action cases, including those implicating complex, technical analysis. For example, in *In re: Valsartan N-Nitrosodimethylamine (Ndma) Products Liability Litigation*, 1:19md2875 (D.N.J.), the court entered a landmark medical monitoring class certification order following years of intense discovery and appointed Mr. Migliaccio as one of just two attorneys to lead the prosecution of the class composed of individuals across the country placed at an increased risk of cancer due to their ingestion of drugs tainted with carcinogens.

M&R is particularly experienced in data breach and privacy class actions. The firm has been appointed or has served in a leadership capacity in numerous data breach and privacy class actions. See, e.g., *In Re Mapfre Data Disclosure Litigation, No*. 1:23-cv-12509 (D. Mass.) (interim co-lead counsel); *In Re LastPass Data Security Incident Litigation*, Case No. 1:22-cv-12047-PBS (D. Mass) (interim co-lead counsel); *Bickham et al. v. Reprosource Fertility Diagnostics, Inc.*, 1:21-CV-11879-GAO (D. Mass.) (serving as de facto interim co-lead counsel); *In re Practice Resources, LLC Data Security Breach Litigation*, Case No. 22-CV-0890 (N.D.N.Y.) (interim co-lead counsel), *In Re Netgain Technology, LLC, Consumer Data Breach Litigation*, Case No. 21-cv-1210 (SRN/LIB) (D. Minn.) (executive committee member), *In re Eskenazi Health Data Incident Litigation*, No. 49D01-2111-PL-038870 (Ind. Sup. Ct.) (executive committee member), and *In Re Rutter's Inc. Data Security Breach Litigation*, Case No. 1:20-cv-382 (M.D. Pa.) (executive committee member).

They have led, or helped lead, the prosecution of cases resulting in nationwide settlements providing substantial monetary and non-monetary relief to the victims of data breaches. See, e.g., *McHenry v. Advent Health Partners, Inc.*, Case No. 3:22-cv-00287 (M.D. Tenn.) (nationwide settlement in which M&R was class counsel along with one other firm); *Carmack v. Snap-On, Inc*., Case No. 2:22-cv-00695-WED (W.D. Wisc.) (nationwide settlement in which M&R was sole

class counsel), *Salinas et al. v. Block, Inc. et al*. 3:22-cv-04823-AMO (N.D. Cal.) (co-lead counsel), *In re Vivendi Ticketing US LLC, d/b/a Vivendi Data Security Incident*, Case No. 2:23-cv-07498-MWF (DFMx) (C.D. Cal.) (co-lead counsel), and *Rodriguez v. Stratford University, Inc.* 1:22-cv-01048-MSN-WEF (E.D. VA) (co-lead counsel).

A firm resume for Migliaccio & Rathod LLP is attached as Exhibit 1.

**b.  Cassandra P. Miller**

Cassandra P. Miller is a partner at Strauss Borrelli PLLC, a premier civil litigation firm representing individuals and classes harmed by corporate misconduct. Ms. Miller concentrates her practice on complex class actions involving consumer protection, data privacy, data breaches, and product liability. She has extensive experience litigating high-stakes matters in federal and state courts across the country.

Ms. Miller earned her J.D., *magna cum laude*, from the University of Illinois Chicago School of Law in 2006. Ms. Miller is admitted to practice in Illinois and before the U.S. District Courts for the Northern and Central Districts of Illinois, the Southern and Northern Districts of Indiana, and the U.S. Court of Appeals for the Seventh Circuit.

Before joining Strauss Borrelli, she served as managing partner at Edelman Combs Latturner & Goodwin, LLC, where she led a wide range of consumer protection litigation under statutes such as the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Uniform Commercial Code (UCC), Telephone Consumer Protection Act (TCPA), Truth in Lending Act (TILA), and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

At Strauss Borrelli, Ms. Miller continues to lead complex litigation challenging corporate misconduct and advocating for justice on behalf of consumers. Additional information is included in the firm resume, attached as Exhibit 2.

Over nearly two decades, Ms. Miller has served as class counsel in numerous complex consumer class actions, including:

- *Pietras v. Sentry*, 513 F. Supp. 2d 983 (N.D. Ill. 2007)

- *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D. Ill. 2008) (appointed class counsel)

- *Moore v. Stellar Recovery, Inc.*, No. 13 C 2294, 2014 U.S. Dist. LEXIS 95690 (N.D. Ill. July 14, 2014) (appointed class counsel)

- *Tabiti v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 5932 (N.D. Ill. Jan. 17, 2017), *reconsideration denied*, 2017 U.S. Dist. LEXIS 238583 (N.D. Ill. May 16, 2017) (appointed class counsel)

- *Wheeler v. Midland Funding LLC*, No. 15 C 11152, 2018 U.S. Dist. LEXIS 68952 (N.D. Ill. Apr. 24, 2018) (appointed class counsel)

- *Hollins v. Church Church Hittle + Antrim*, No. 2:20-CV-304 JD, 2024 U.S. Dist. LEXIS 82920 (N.D. Ind. May 3, 2024) (appointed class counsel)

More recently, Ms. Miller has been appointed Class or Lead Counsel in multiple data breach class actions, including:

- *Sauray v. Arden Claims Services, LLC*, No. 609033/2024 (N.Y. Sup. Ct., Nassau Co.) (appointed Lead Counsel, Jan. 16, 2025, Doc. No. 45)

- *Coniglio v. CareNet Medical Group, PC*, Index No. 2024-1351 (N.Y. Sup. Ct., Schenectady Co.) (appointed Class Counsel, Feb. 5, 2025, Doc. No. 22)

- *Plowman v. Ty Inc.*, Case No. 2024 CH 205 (DuPage Co., IL) (appointed Class Counsel, Feb. 3, 2025)

- *Bauer v. Evergreen Treatment Center*, Case No. 23-2-10174-0 SEA (King Co., WA) (appointed Class Counsel, Sept. 23, 2024)

Ms. Miller's proven track record of success in complex litigation, her leadership in national class actions, and her deep subject-matter expertise in data breach and privacy law make her exceptionally well-qualified to serve as Interim Co-Lead Class Counsel in this matter.

### c. Kennedy M. Brian

Since 2007, Federman & Sherwood has been a trail blazer in the data privacy litigation sector, obtaining millions of dollars of relief for data breach victims. Federman & Sherwood has been instrumental in obtaining precedent setting decisions that are often relied upon by courts and counsel throughout the nation. See, e.g., *In re Brinker Data Incident Litig.*, No. 3:18-CV-686-TJC-MCR, 2021 WL 1405508 (M.D. Fla. Apr. 14, 2021), vacated in part sub nom., G*reen-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) (one of the first cases class certification was achieved in the data breach context); *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 603 F. Supp. 3d 1183 (S.D. Fla. 2022) (one of the first decisions to favorably address Article III standing for data breach plaintiffs after *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)); see also *M.S. and D.H. v. Med-Data, Inc.*, No. 4:22-cv-00187, ECF No. 97 (S.D. Tex.) (prosecuting case through the class certification briefing until a sizable per person recovery was achieved for the class).

Ms. Brian is one of Federman & Sherwood's experienced data privacy litigation attorneys and has successfully worked on over fifty (50) data privacy cases in federal courts, state courts, and multidistrict litigation ("MDL") throughout the United States. Ms. Brian is recognized as a

14

knowledgeable attorney in the data privacy litigation sector and was a panelist at the HarrisMartin Data Breach Litigation Conference in Nashville, Tennessee in September 2024. At the conference, Ms. Brian shared her knowledge of Article III standing in data privacy cases with many seasoned practitioners. In July 2025, Ms. Brian will share her knowledge of data privacy litigation once more by serving as a panelist for the Consumer Privacy/Data Breach Litigation Group CLE at the AAJ 2025 Annual Convention.

Ms. Brian brings to the table ample experience working on the front line of many data breach cases at various stages of litigation. Ms. Brian's experience includes briefing motions for class certification, motions to intervene, motions for and opposing summary judgment, appeals, motions for settlement approval, and large complex consolidated complaints, as well as handling discovery disputes. Ms. Brian also has a successful track record opposing motions to dismiss in the data privacy context. See, e.g., *Davila v. New Enchantment Group, LLC*, No. 2:23-cv-01098, ECF No. 23 (D. Ariz.) (denying motion to dismiss in its entirety); *Carr v. Oklahoma Student Loan Auth. et al*., No. CIV-23-99-R, 2023 WL 6929850 (W.D. Okla. Oct. 19, 2023) (one of two decisions) (Ms. Brian helped establish Oklahoma data breach jurisprudence by drafting the first successful response to a Rule 12(b)(6) motion to dismiss in the Western District of Oklahoma); *Carr v. Oklahoma Student Loan Auth. et al*., No. CIV-23-99-R, 2023 WL 6929853 (W.D. Okla. Oct. 19, 2023) (same); *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litig*., No. 1:23-cv-04249, ECF No. 45 (N.D. Ill.) (surviving motion to dismiss on both Rule 12(b)(1) and 12(b)(6) grounds); *Quick v. Emergency Medical Servs. Auth.*, No. CJ-2024-2470 (Dist. Ct. Okla. Cty. Okla.) (similar).

Currently, Ms. Brian is serving on the Patient Track Plaintiff Steering Committee in a data privacy MDL involving millions of people—*In re: Change Healthcare, Inc. Customer Data*

*Security Breach Litig.*, No. 0:24-md-03108 (D. Minn.). Ms. Brian is also currently serving as interim co-lead counsel in other data privacy cases similar to this. See, e.g., *Burge v. Mason Construction, LLC*, No. 24-DC-CV-2053 (Dist. Ct. Jefferson Cty. Tex.); *In re: ABC Legal Services Data Security Litig.*, No. 2:24-cv-02092 (W.D. Wash.); *In re: Great Plains Regional Medical Center Data Breach Litig.*, No. 5:24-cv-01337 (W.D. Okla.); *In re: Furniture Mart, USA, Inc. Data Breach Litig.*, No. 4:25-cv-04018 (D.S.D.); I*n re: Carruth Compliance Consulting, Inc. Data Security Incident*, No. 2:25-cv-00119 (D. Or.). Furthermore, Ms. Brian is currently serving or has recently served as settlement class counsel in several data privacy matters. See, e.g., *Ebert, et al. v. PRGX Global, Inc.*, No. 1:23-cv-04233 (N.D. Ga.); Jo*hnson, et al. v. Paycom Payroll, LLC,* No. CJ-2023-4763 (Dist. Ct. Okla. Cty. Okla.); *Davila v. New Enchantment Group, LLC*, No. 2:23-cv-01098 (D. Ariz.); *Gregerson v. Toshiba America Business Solutions*, No. 8:24-cv-01201 (C.D. Cal.).

Not only does Ms. Brian and Federman & Sherwood possess the requisite skill, knowledge, and experience, but Federman & Sherwood also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases, funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources. Additional information regarding Ms. Brian and Federman & Sherwood is detailed in the Federman & Sherwood Firm Résumé, attached hereto as Exhibit 3.

### 3. Interim Co-Lead Class Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Interim Co-Lead

Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as counsels' experience indicate, Interim Co-Lead Class Counsel have the resources to see this litigation through to its conclusion, including trial.

### 4. Interim Co-Lead Class Counsel were First-to-File and Submit a Coordinated Leadership Structure

Notably, Interim Co-Lead Class Counsel were the first firms to file complaints against Defendant. *See In re Mun. Derivatives Antitrust Litig*., 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc*., Case No. 12cv1063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."). Here, the proposed leadership structure is supported by counsel for all Related Actions—including the first filed Amrine action, No. 8:25-cv-1377-PX.

**5.  Other Factors Support Designating Interim Co-Lead Class Counsel.**

As an initial matter, Plaintiffs' proposed leadership structure has the support of all Plaintiffs and the law firms involved in this litigation, which further supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394, at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.") (citation omitted); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Another important consideration in selecting leadership is proposed counsel's ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. From the moment their cases were filed, Interim Co-Lead Class Counsel moved quickly to coordinate the proposed leadership structure. Interim Co-Lead Class Counsel seek this leadership structure to best serve the interests of the classes in the most efficient manner possible. Indeed, the putative class benefits from an "organized, managed structure that [is] . . . achieved through the appointment of [the] unified voice" of proposed interim class counsel. *In re Titanium Dioxide*

18

*Antitrust Litigation*, No. 10-0318, Dkt. No. 106, (D. Md. Apr. 1, 2011) (Bennett, J.) (appointing two firms as Co-Lead Class Counsel).

Moreover, Plaintiffs' counsel of consolidated litigation must effectively merge together to form an alliance against often well-financed opponents. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d Ed.), at 43.[2] The potential for disorganization, in-fighting, and inefficiencies means it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Id.* Interim Co-Lead Class Counsel have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Interim Co-Lead Class Counsel have extensive experience working with one another across the country in data breach cases. Interim Co-Lead Class Counsel are thus well-suited to jointly prosecute this action.

Finally, Interim Co-Lead Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. While Interim Co-Lead Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

---

[2] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (last viewed Apr. 29, 2025).

III.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate Case Nos. 8:25-cv-1399-PX and 8:25-cv-1448 into the first filed action, Case No. 8:25-cv-1377-PX. Accordingly, Plaintiffs respectfully  request that the Court appoint Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Counsel for the consolidated action.

Date: May 6, 2025                              Respectfully Submitted,


                                               */s/ Nicholas A. Migliaccio*
                                               Nicholas A. Migliaccio
                                               MIGLIACCIO & RATHOD LLP
                                               412 H St NE, Suite 302
                                               Washington D.C. 20002
                                               T: (202) 470-3520
                                               F: (202) 800-2730
                                               E: nmigliaccio@classlawdc.com

                                               *Attorney or Plaintiff Amrine*

                                               Cassandra P. Miller*
                                               **STRAUSS BORRELLI PLLC**
                                               980 N. Michigan Avenue, Suite 1610
                                               Chicago, IL 60611
                                               Telephone: (872) 263-1100
                                               Facsimile: (872) 263-1109
                                               cmiller@straussborrelli.com

                                               *Attorney for Plaintiff Norwood*

                                               Kennedy M. Brian*
                                               **FEDERMAN & SHERWOOD**
                                               10205 N. Pennsylvania Ave.
                                               Oklahoma City, OK 73120
                                               T: (405) 235-1560
                                               F: (405) 239-2112
                                               E: kpb@federmanlaw.com

                                               *Counsel For Plaintiff Henry*

20

*Pro Hac Vice* forthcoming

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Nicholas A. Migliaccio*