**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| CHRISTOPHER AMRINE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No.: 8:25-cv-1377-PX |
| ALEX NORWOOD, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1399-PX |
| KIPEN HENRY, *on behalf of himself and on behalf of all other similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1448 |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM LEADERSHIP COUNSEL**

This matter, having come before the Court by Plaintiffs in the above-captioned matters, by their Motion to Consolidate Cases and Appoint Interim Leadership Counsel ("Motion") pursuant to Federal Rules of Civil Procedure 42(a) and 23(g), Memorandum of Law in Support, and the Complaints in all actions, and having found that the cases involve some of the same issues of fact and law, grow out of the same alleged data breach involving J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("Fitzgerald Auto Malls" or "Defendant"), have many of the same claims, and propose class definitions that will encompass the same persons, this Court finds that the cases have sufficient commonality of issues and parties to warrant consolidating the cases. This Court further finds that the benefits of consolidation are not outweighed by any risk of prejudice or jury confusion. Consolidation will promote judicial economy, preserve the Parties' resources, and avoid disparate rulings in separate actions.

Accordingly, because this Court finds that the Related Actions have sufficient commonality of law and fact and consolidation does not increase the risk of an unfair outcome, **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. Case Nos. 8:25-cv-1399-PX and 8:25-cv-1448 shall be consolidated into the first filed action, Case No. 8:25-cv-1377-PX pursuant to Federal Rule of Civil Procedure 42(a) (the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case No. 8:25-cv-1377-PX and shall bear the following caption: *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*. Any class or representative action subsequently filed, transferred, or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with it for pre-trial, discovery, and trial purposes.

3.     The Court hereby appoints Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Kennedy M. Brian of Federman & Sherwood as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the putative Class with the responsibilities set forth below:

   a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

   b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the Class pursuant to the Federal Rules of Civil Procedure;

   c. Convene meetings amongst counsel;

   d. Conduct settlement negotiations on behalf of Plaintiffs and the putative Class;

   e. Delegate tasks to other plaintiffs' counsel to ensure that pretrial preparation for Plaintiffs and the putative Class is conducted efficiently and effectively;

   f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

   g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

   h. Ensure that all counsel comport with the billing and expense protocol being used by the leadership team and that will be submitted to the Court for approval;

   i. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

j. Serve as the primary contact for communications between the Court and other plaintiffs' counsel;

k. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on Plaintiffs' counsel via the Court's electronic filing system);

l. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

m. Performing all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

4. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to the above-referenced matters, any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

5. Plaintiffs in the Consolidated Action shall file an operative Consolidated Class Action Complaint within 30 days of this Order. Defendant need not respond to any of the previously filed complaints in the Related Actions and will respond to the operative Consolidated Class Action Complaint within 45 days after it is filed. If Defendant files a motion directed to the Consolidated Class Action Complaint, Plaintiffs will have 30 days thereafter to file an opposition, and Defendant will then have 21 days to file a reply.

**IT IS SO ORDERED.**

**Dated: _____, 2025**

_____
**HONORABLE PAULA XINIS**