# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER AMRINE**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br>Defendant. | Case No.: 8:25-cv-1377-PX |
| **ALEX NORWOOD**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br>Defendant. | Case No. 8:25-cv-1399-PX |
| **KIPEN HENRY**, on behalf of himself and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br>Defendant. | Case No. 8:25-cv-1448 |

| | |
|---|---|
| **KELLY FROLO**, individually and on behalf of all others similarly situated,<br><br><br>               Plaintiff,<br><br>v.<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br><br>               Defendant. | Case No.: 8:25-cv-01474 |
| **PHILLIP LAMB**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br>Defendant. | Case No.: 8:25-cv-01508 |
| **ARNOLD ABRAHAM**, individually and on behalf of all others similarly situated,<br><br>**Plaintiff,**<br><br>**v.**<br><br>**J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS**,<br><br>**Defendant.** | Case No.: 8:25-cv-01474 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS
AND APPOINT INTERIM CO-LEAD CLASS COUNSEL[1]**

---

[1] Defendant does not oppose consolidation and takes no position on the appointment of interim lead class counsel.

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 1

III.  ARGUMENT............................................................................................................. 3

    A.    The Court Should Consolidate the Related Cases. ........................................................ 3

    B.    The Court Should Appoint Interim Co-Lead Class Counsel........................................ 6

        1.   Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date. .................................... 6

        2.   Nicholas A. Migliaccio Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.................................. 7

        3.   Cassandra P. Miller Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.................................. 9

        4.   Jessica A. Wilkes Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively............................... 11

        5.   Proposed Interim Co-Lead Class Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class........................ 13

        6.   Proposed Interim Co-Lead Class Counsel were First-to-File and Submit a Coordinated Leadership Structure................................................................................................ 13

        7.   Other Factors Support Designating Interim Co-Lead Class Counsel........................ 14

IV.   CONCLUSION ........................................................................................................ 15

**TABLE OF AUTHORITIES**

**Cases**

*Aquawood, LLC v. JFJ Toys, Inc.*,

    No. PX 16-3569, 2017 U.S. Dist. LEXIS 30730 (D. Md. Mar. 3, 2017) .................................. 3

*Arnold v. E. Air Lines, Inc.*,

    681 F.2d 186 (4th Cir. 1982) ....................................................................... 3

*Blake v. R&B Corp. of Virginia*,

    No. 4:23-CV-66, 2023 WL 4646102 (E.D. Va. July 20, 2023)................................. 5

*Correa v. Anne Arundel Dermatology, P.A.*,

    No. CV 25-2274, 2025 WL 2406957 (D. Md. Aug. 19, 2025)................................. 5

*Darrin v. Huntington Ingalls Indus.*,

    No. 4:23-CV-53, 2023 WL 4938072 (E.D. Va. July 6, 2023)................................. 5

*Eldridge v. McCabe, Weisberg & Conway, LLC*,

    No. RDB-12-00287, 2012 U.S. Dist. LEXIS 56403(D. Md. Apr. 20, 2012) ............................ 4

*In re Aluminum Phosphide Antitrust Litig.*,

    No. 93-2452, 1994 WL 481847 (D. Kan. May 17, 1994)........................................ 14

*In re Mun. Derivatives Antitrust Litig.*,

    252 F.R.D. 184 (S.D.N.Y. 2008) ........................................................... 13

*In re Wendy's Co. S'holder Derivative Litig.*,

    No. 1:16-cv-1153, 2018 WL 6605394 (S.D. Ohio Dec. 17, 2018).......................... 14

*Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*,

    No. 3:19CV00080, 2020 WL 5209535 (W.D. Va. Sept. 1, 2020)............................. 3

*Michelle v. Arctic Zero, Inc.*,

No. 12cv1063, 2013 WL 791145 (S.D. Cal. Mar. 1, 2013)...................................................... 13

*Mikell v. Tycon Med. Sys., Inc.*,

    No. 2:25-CV-19, 2025 WL 720001 (E.D. Va. Mar. 6, 2025)........................................... 5

*Richey v. Ells*,

    No. 12-cv-1831, 2013 WL 179234 (D. Colo. Jan. 17, 2013) ................................................ 14

*Riddick v. MedStar Health*,

    No. BAH-24-1335, 2024 WL 4712390 (D. Md. Nov. 7, 2024) ................................................ 6

*Steele v. United States*,

    No. 14-1523, 2015 WL 4121607 (D.D.C. June 30, 2015)..................................................... 13

## <u>Other Authorities</u>

Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d Ed.)14, 15

## <u>Rules</u>

Fed. R. Civ. P. 23 ................................................................................................................... 6, 7

Fed. R. Civ. P. 42 ..................................................................................................................... 3

## <u>Treatises</u>

9 C. Wright & Miller, Federal Practice & Procedure: Civil (1971) ................................................. 3

## I.  INTRODUCTION

Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move pursuant Federal Rule of Civil Procedure ("Rule") 42 to consolidate the above-captioned matters (collectively the "Related Actions") that arise from similar questions of law and fact. Plaintiffs further move under Rule 23(g) for an order appointing Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Interim Co-Lead Class Counsel for Plaintiffs and the putative class (collectively, "Proposed Interim Co-Lead Class Counsel").[2] In support of this Motion, Plaintiffs state as follows:

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Related Actions stem from a cybersecurity incident wherein the network of Defendant J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("Fitzgerald Auto Malls" or "Defendant") was purportedly accessed by malicious actors on or around February 4, 2024 (the "Data Breach"). Plaintiffs allege that during the Data Breach, cybercriminals accessed and/or acquired the names, driver's license numbers, and other highly sensitive information (collectively, "Private Information") of a currently unknown number of Defendant's customers.

After Defendant publicly announced the Data Breach, Plaintiffs filed separate putative class action lawsuits before this Court:

   a) On April 30, 2025, Plaintiff Amrine filed a putative class action lawsuit against

      Defendant, asserting claims for: (i) negligence; (ii) breach of contract/breach of

---

[2] Plaintiffs previously filed a Motion to Consolidate and Appoint Interim Leadership Counsel on May 6, 2025. This Amended Motion is being filed to replace Kennedy M. Brian as one of the proposed interim co-lead class counsel due to her departure from the law firm of Federman & Sherwood.

implied covenant of good faith and fair dealing; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of fiduciary duty; and (vi) declaratory judgment and injunctive relief.

b) On May 1, 2025, Plaintiff Norwood filed a putative class action lawsuit against Defendant, asserting claims for: (i) negligence; (ii) negligence per se; (iii) breach of implied contract; (iv) unjust enrichment; (v) invasion of privacy; (vi) breach of fiduciary duty; and (vii) violation of the Maryland Consumer Protection Act.

c) On May 5, 2025, Plaintiff Henry filed a putative class action lawsuit against Defendant, asserting claims for: (i) negligence; (ii) negligence per se; (iii) breach of implied contract; (iv) unjust enrichment; and (v) declaratory judgment and injunctive relief.

d) On May 6, 2025, Plaintiff Frolo filed a putative class action lawsuit against Defendant, asserting claims for: (i) negligence; and (ii) breach of fiduciary duty.

e) On May 9, 2025, Plaintiff Lamb filed a putative class action lawsuit against Defendant, asserting claims for: (i) negligence; (ii) breach of implied contract; (iii) breach of fiduciary duty; (iv) unjust enrichment; and (v) invasion of privacy.

f) On May 12, 2025, Plaintiff Abraham filed a putative class action lawsuit against Defendant in the Circuit Court for Montgomery County, Maryland ("*Abraham* Action"). Counsel for Defendant removed this case to this Court. Plaintiff Abraham filed a Motion to Remand on July 8, 2025, that is currently pending.

All the Related Actions assert overlapping causes of action on behalf of virtually the same class of individuals. Now, with multiple cases on file against Defendant, and the inevitable likelihood that more will follow, Plaintiffs seek consolidation of the Related Actions and the

appointment of Proposed Interim Co-Lead Class Counsel.[3]

## III.   ARGUMENT

### A.  The Court Should Consolidate the Related Cases.

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). "If a common question of law or fact exists, then the district court must weigh the competing considerations to determine if consolidation is desirable." *Aquawood, LLC v. JFJ Toys, Inc.*, No. PX 16-3569, 2017 U.S. Dist. LEXIS 30730, at *2 (D. Md. Mar. 3, 2017). Once the threshold requirement of  a common question of law or fact is met, courts then consider the following factors in determining whether to exercise its discretion to consolidate:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

Ultimately, "[c]ourts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Id.* Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19CV00080, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020); *Eldridge v. McCabe, Weisberg & Conway, LLC*, No. RDB-12-00287, 2012 U.S. Dist. LEXIS

---

[3] In the event the Motion to Remand in unsuccessful, Plaintiffs also seek consolidation of the *Abraham* Action.

56403, at *3 (D. Md. Apr. 20, 2012) ("Policies of judicial economy generally favor the consolidation of related actions.").

Here, the Related Actions involve duplicative questions of law. In each of the above-captioned cases, Plaintiffs seek monetary and injunctive relief for damages arising from Defendant's failure to protect Plaintiffs' and Class Members' Private Information, stemming from the Data Breach. As a result of this, each Plaintiff alleges nearly identical claims against Defendant, including a combination of claims for: (i) negligence; (ii) breach of implied contract; and (iii) unjust enrichment. The claims found in the Related Actions will rise or fall under the same questions of law. Thus, the congruency between Plaintiffs' claims more than satisfies the burden of commonality and merits consolidation.

Additionally, the Related Actions arise from the same factual basis—the Data Breach—which Plaintiffs allege was a result of Defendant's failure to protect Plaintiffs' and Class Members' Private Information. The Related Actions allege the same factual contentions such as, *inter alia*: (i) Defendant knowingly violated its obligations to abide by best practices and industry standards in protecting PII; (ii) these failures enabled a cybercriminal group to intercept, access, and acquire the PII Defendant collected and maintained, putting plaintiffs' and Class Members' PII at a serious and ongoing risk of harm; and (iii) Defendant failed to disclose the full extent of the Data Breach and notify the affected individuals in a timely manner. Thus, because Plaintiffs' claims are rooted in the same factual predicate, this provides *another* basis for consolidation.

Furthermore, consolidation of the Related Actions, and any future actions asserting claims against Defendant in relation to the Data Breach, is appropriate because it will simplify discovery, pretrial, class certification, and case management. Specifically, consolidation will: (i) prevent inconsistent verdicts by asserting claims in one consolidated proceeding; (ii) streamline discovery matters because Defendant will only need to respond to one set of discovery requests; (iii) save

each of the Parties considerable time and litigation expenses by only prosecuting one action; and (iv) promote judicial efficiency as the Court will not be required to engage in duplicative hearings or review duplicative filings. Consolidating the Related Actions will also reduce the confusion and delay that may result from prosecuting identical actions separately. Lastly, no party will be prejudiced or burdened by consolidation, but all parties involved will greatly benefit from consolidation. As such, these additional factors further support consolidation. *Mikell v. Tycon Med. Sys., Inc.*, No. 2:25-CV-19, 2025 WL 720001, at *3 (E.D. Va. Mar. 6, 2025) ("Because the cases are in their early stages, the risks of prejudice and possible confusion are low. The Court will save time and resources for everyone involved by adjudicating one suit rather than the multiple filed and potential future suits.").

In numerous prior instances, cases stemming from data breaches have proceeded in consolidated actions. *See, e.g.*, *Correa v. Anne Arundel Dermatology, P.A.*, No. CV 25-2274, 2025 WL 2406957, at *2 (D. Md. Aug. 19, 2025) ("The actions share common questions of law and fact as they all arise out the same Data Breach that affected Anne Arundel Dermatology, P.A."); *Mikell*, 2025 WL 720001, at *3; *Darrin v. Huntington Ingalls Indus.*, No. 4:23-CV-53, 2023 WL 4938072, at *1 (E.D. Va. July 6, 2023); *Blake v. R&B Corp. of Virginia*, No. 4:23-CV-66, 2023 WL 4646102, at *1 (E.D. Va. July 20, 2023) ("Here, it is obvious that the above-captioned cases should be consolidated. All are class action suits that allege claims against a single defendant arising out of a data breach that purportedly occurred in March 2023.").

Accordingly, Plaintiffs respectfully request the Court consolidate the Related Actions and any subsequently filed, transferred, or removed actions against Defendant relating to the Data Breach under the docket number of the first-filed case.

**B. The Court Should Appoint Interim Co-Lead Class Counsel.**

Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)—which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

Under Rule 23(g)(3), the Court may "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When appointing interim class counsel, courts look to factors set out in Rule 23(g)(1) to determine the adequacy of counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A); *see Riddick v. MedStar Health*, No. BAH-24-1335, 2024 WL 4712390, at *2 (D. Md. Nov. 7, 2024). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Each of the factors identified above are met by Mr. Migliaccio, Ms. Miller, and Ms. Wilkes.

**1. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date.**

Immediately after the public announcement of Defendant's Data Breach, Proposed Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the Data Breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Investigating Defendant's corporate structure;

- Investigating Defendant's clients;

- Interviewing consumers injured by the Data Breach;

- Researching legal claims;

- Preparing this Motion;

- Preparing a Consolidated Class Action Complaint; and

- Drafting initial pleadings.

Interim Co-Lead Class Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Interim Co-Lead Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the best interests of the class.

## 2. Nicholas A. Migliaccio Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.

Nicholas A. Migliaccio is a partner at Migliaccio & Rathod LLP ("M&R") and has substantial experience serving as lead counsel alongside other firms as well, including in consolidated and multi-district litigation. Mr. Migliaccio is qualified, experienced, and capable of prosecuting the instant litigation and has an extensive and robust array of experience prosecuting a number of noteworthy data privacy, consumer protection, civil rights, environmental contamination, and wage theft cases. The firm's attorneys focus primarily on class actions and have been appointed class counsel in a wide array of class action cases, including those implicating complex, technical analysis. For example, in *In re: Valsartan N-Nitrosodimethylamine (Ndma) Products Liability Litig.*, 1:19-md-2875 (D.N.J.), the court entered a landmark medical monitoring class certification order following years of intense discovery and appointed Mr. Migliaccio as one

of just two attorneys to lead the prosecution of the class composed of individuals across the country placed at an increased risk of cancer due to their ingestion of drugs tainted with carcinogens.

M&R is particularly experienced in data breach and privacy class actions. The firm has been appointed or has served in a leadership capacity in numerous data breach and privacy class actions. *See, e.g.*, *In Re Mapfre Data Disclosure Litig.*, No. 1:23-cv-12509 (D. Mass.) (interim co-lead counsel); *In Re LastPass Data Security Incident Litig.*, No. 1:22-cv-12047-PBS (D. Mass) (interim co-lead counsel); *Bickham v. Reprosource Fertility Diagnostics, Inc.*, No. 1:21-CV-11879-GAO (D. Mass.) (serving as de facto interim co-lead counsel); *In re Practice Resources, LLC Data Security Breach Litig.*, No. 22-CV-0890 (N.D.N.Y.) (interim co-lead counsel), *In Re Netgain Technology, LLC, Consumer Data Breach Litig.*, No. 21-cv-1210 (SRN/LIB) (D. Minn.) (executive committee member), *In re Eskenazi Health Data Incident Litig.*, No. 49D01-2111-PL-038870 (Ind. Sup. Ct.) (executive committee member), and *In Re Rutter's Inc. Data Security Breach Litig.*, No. 1:20-cv-382 (M.D. Pa.) (executive committee member).

They have led, or helped lead, the prosecution of cases resulting in nationwide settlements providing substantial monetary and non-monetary relief to the victims of data breaches. See, e.g., *McHenry v. Advent Health Partners, Inc.*, No. 3:22-cv-00287 (M.D. Tenn.) (nationwide settlement in which M&R was class counsel along with one other firm); *Carmack v. Snap-On, Inc.*, No. 2:22-cv-00695-WED (W.D. Wis.) (nationwide settlement in which M&R was sole class counsel), *Salinas et al. v. Block, Inc. et al*. 3:22-cv-04823-AMO (N.D. Cal.) (co-lead counsel), *In re Vivendi Ticketing US LLC, d/b/a Vivendi Data Security Incident*, No. 2:23-cv-07498 (C.D. Cal.) (co-lead counsel), and *Rodriguez v. Stratford University, Inc.*, No. 1:22-cv-01048-MSN-WEF (E.D. VA) (co-lead counsel).  A firm resume for Migliaccio & Rathod LLP is attached as **Exhibit 1.**

**3. Cassandra P. Miller Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.**

Cassandra P. Miller is a partner at Strauss Borrelli PLLC, a premier civil litigation firm representing individuals and classes harmed by corporate misconduct. Ms. Miller concentrates her practice on complex class actions involving consumer protection, data privacy, data breaches, and product liability. She has extensive experience litigating high-stakes matters in federal and state courts across the country.

Ms. Miller earned her J.D., *magna cum laude*, from the University of Illinois Chicago School of Law in 2006. Ms. Miller is admitted to practice in Illinois and before the U.S. District Courts for the Northern and Central Districts of Illinois, the Southern and Northern Districts of Indiana, and the U.S. Court of Appeals for the Seventh Circuit.

Before joining Strauss Borrelli, Ms. Miller served as managing partner at Edelman Combs Latturner & Goodwin, LLC, where she led a wide range of consumer protection litigation under statutes such as the Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Uniform Commercial Code (UCC), Telephone Consumer Protection Act (TCPA), Truth in Lending Act (TILA), and the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA).

At Strauss Borrelli, Ms. Miller continues to lead complex litigation challenging corporate misconduct and advocating for justice on behalf of consumers. Additional information is included in the firm resume, attached as **Exhibit 2.**

Over nearly two decades, Ms. Miller has served as class counsel in numerous complex consumer class actions, including:

- *Pietras v. Sentry*, 513 F. Supp. 2d 983 (N.D. Ill. 2007)

- *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D. Ill. 2008) (appointed class counsel)

- *Moore v. Stellar Recovery, Inc.*, No. 13 C 2294, 2014 U.S. Dist. LEXIS 95690 (N.D. Ill. July 14, 2014) (appointed class counsel)

- *Tabiti v. LVNV Funding, LLC*, 2017 U.S. Dist. LEXIS 5932 (N.D. Ill. Jan. 17, 2017), *reconsideration denied*, 2017 U.S. Dist. LEXIS 238583 (N.D. Ill. May 16, 2017) (appointed class counsel)

- *Wheeler v. Midland Funding LLC*, No. 15 C 11152, 2018 U.S. Dist. LEXIS 68952 (N.D. Ill. Apr. 24, 2018) (appointed class counsel)

- *Hollins v. Church Church Hittle + Antrim*, No. 2:20-CV-304 JD, 2024 U.S. Dist. LEXIS 82920 (N.D. Ind. May 3, 2024) (appointed class counsel)

More recently, Ms. Miller has been appointed Class or Lead Counsel in multiple data breach class actions, including:

- *Sauray v. Arden Claims Services, LLC*, No. 609033/2024 (N.Y. Sup. Ct., Nassau Co.) (appointed Lead Counsel, Jan. 16, 2025, Doc. No. 45)

- *Coniglio v. CareNet Medical Group, PC*, Index No. 2024-1351 (N.Y. Sup. Ct., Schenectady Co.) (appointed Class Counsel, Feb. 5, 2025, Doc. No. 22)

- *Plowman v. Ty Inc.*, No. 2024 CH 205 (DuPage Co., IL) (appointed Class Counsel, Feb. 3, 2025)

- *Bauer v. Evergreen Treatment Center*, No. 23-2-10174-0 SEA (King Co., WA) (appointed Class Counsel, Sept. 23, 2024)

Ms. Miller's proven track record of success in complex litigation, her leadership in national class actions, and her deep subject-matter expertise in data breach and privacy law make her exceptionally well-qualified to serve as Interim Co-Lead Class Counsel in this matter.

### 4. Jessica A. Wilkes Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action Efficiently and Effectively.

Jessica A. Wilkes is an attorney at Federman & Sherwood, one of the leading boutique AV-rated plaintiff complex litigation law firms in the country. Ms. Wilkes has substantial experience in litigation and data breach cases. Ms. Wilkes has worked on a number of data breach cases, including *In re: Accreditation Commission for Education in Nursing Data Breach Litig.*, No. 1:23-cv-03337-LLM (N.D. Ga.); *In re: QTC Commercial Services, LLC d/b/a IMX Medical Management Services, LLP Data Breach Litig.*, No. 2:23-cv-03214 (E.D. Pa.); *In re: Lewis Brothers Bakery Data Incident Litig.*, No. 3:24-cv-00081 (S.D. Ind.); *In re: Mednax Services, Inc. Customer Data Security Breach Litig.*, No. 0:21-md-02991 (S.D. Fla.); *Green v. NOW Health Group, Inc.*, No. 2023LA000116 (Cir. Ct. Ill.); *Collins v. Oklahoma Baptist Univ.*, No. 5:24-cv-00234 (W.D. Okla.); *Weddle v. Panera, LLC*, No. 4:24-cv-850 (E.D. Mo.); *Buckner v. Summit Fin. Grp. Inc. d/b/a Summit Consolidated Group, Inc.*, Cause No. DC-23-11590 (Dallas County, Tex.); *Harrell v. WebTPA Employer Services, LLC, et al.*, Case No. 3:24-cv-1158 (N.D. Tex.); and *Jenkins v. Associated Wholesale Grocers, Inc.*, No. 5:24-cv-04039 (D. Kan.).

Ms. Wilkes has also successfully negotiated favorable settlements in many data breach cases, including *Maroulis v. Cooper Clinic, P.A.*, Cause No. DC-24-00842 (44th J. Dist., Dallas County, Tex.); *Curran v. Honeywell Int. Inc.*, No. 24CV013793-590 (N.C., Mecklenburg County); *In re: Orrick, Herrington & Sutcliffe, LLP Data Breach Litig.*, No. 3:23-cv-04089 (N.D. Cal.); *Martemucci v. Peachtree Orthopaedic Clinic, P.A.*, No. 23-CV-1234-3 (Ga. St. Ct., Forsyth County); and *In re: Purfoods, Inc. Data Breach Litig.*, No. 4:23-cv-00332 (S.D. Iowa).

Due to Federman & Sherwood's early involvement in this area of law and its plethora of success, Federman & Sherwood has served as lead counsel or co-lead counsel in countless data breach lawsuits spanning across the nation, including: *Rose v. BHI Energy Servs., LLC*, No. 1:23-

cv-12513 (D. Mass.) (interim co-lead counsel); *Woods v. Albany ENT & Allergy Servs., PC*, No. 904730 (N.Y. Sup. Ct. Albany Cty.) (interim co-lead counsel); *Perez v. Carvin Wilson Software LLC*, No. CV-23-00792-PHX-SMM (D. Ariz.) (interim co-lead class counsel); *Bingaman v. Avem Health Partners, Inc.*, No. CIV-23-134-SLP (W.D. Okla.) (interim lead class counsel and interim liaison class counsel); *Okonski v. Progressive Casualty Insurance Co.*, No. 1:23-cv-01548 (N.D. Ohio) (interim co-lead class counsel); *In re: Bryan Cave Leighton Paisner, LLP Data Breach Litig.*, No. 1:23-cv-04249 (N.D. Ill.) (interim lead class counsel); *Sanders v. Ibex Global Solutions, Inc.*, No. 1:22-cv-00591-TNM (D.D.C.) (co-lead settlement class counsel); *Mackey v. Belden, Inc.*, No. 4:21-cv-00149-JAR (E.D. Mo.) (co-lead settlement class counsel); *In re: Solara Medical Supplies Data Breach Litig.*, No. 3:19-cv-00284-H-KSC (S.D. Cal.) (interim co-lead class counsel); *In re Snap Finance Data Breach Litig.*, No. 2:22-cv-00761-TS-JCB (D. Utah) (interim co-lead counsel); and *In re: Physician's Business Office Data Incident Litig.*, No. CC-54-2022-C-252 (Wood Cty. Cir. Ct. of West Virginia) (interim co-lead class counsel).

Not only does Federman & Sherwood possess the requisite skill, knowledge, and experience, but it also has adequate financial resources to support the litigation. Due to its success as a prominent class action law firm, Federman & Sherwood has assisted in numerous cases, funding litigation expenses in excess of $1 million. Federman & Sherwood has both the financial resources and the staff to assist in resolving this case and does not use or rely upon third-party funding sources.

Additional information regarding Ms. Wilkes and Federman & Sherwood is detailed in the Federman & Sherwood Firm Résumé, attached hereto as **Exhibit 3**.

### 5. Proposed Interim Co-Lead Class Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class.

Proposed Interim Co-Lead Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as counsels' experience indicate, Proposed Interim Co-Lead Class Counsel have the resources to see this litigation through to its conclusion, including trial.

### 6. Proposed Interim Co-Lead Class Counsel were First-to-File and Submit a Coordinated Leadership Structure.

Notably, Proposed Interim Co-Lead Class Counsel were also the first firms to file complaints against Defendant. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, Case No. 12cv1063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL

179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."). Thus, this additional factor supports the appointment of Proposed Interim Class Counsel.

### 7. Other Factors Support Designating Interim Co-Lead Class Counsel.

Furthermore, Plaintiffs' proposed leadership structure has the support of five out of the six cases on file, which further supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394, at *2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.") (citation omitted)

Another important consideration in selecting leadership is counsel's ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. From the moment their cases were filed, Proposed Interim Co-Lead Class Counsel moved quickly to coordinate the proposed leadership structure. Proposed Interim Co-Lead Class Counsel seek this leadership structure to best serve the interests of the classes in the most efficient manner possible.

Moreover, Plaintiffs' counsel in consolidated litigation must effectively merge together to form an alliance against often well-financed opponents. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d Ed.), at 43.[4] The potential for disorganization, in-fighting, and inefficiencies means it is useful to consider whether

---

[4] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch.

counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Id.* Proposed Interim Co-Lead Class Counsel have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Proposed Interim Co-Lead Class Counsel have extensive experience working with one another across the country in data breach cases. Thus, Proposed Interim Co-Lead Class Counsel are well-suited to jointly prosecute this action.

Finally, Proposed Interim Co-Lead Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. While Proposed Interim Co-Lead Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the Related Actions into the first filed action, Case No. 8:25-cv-1377-PX. Additionally, Plaintiffs respectfully request that the Court appoint Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Interim Co-Lead Class Counsel.

Date: November 14, 2025                    Respectfully Submitted,

*/s/ Nicholas A. Migliaccio*
Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD LLP**
412 H St NE, Suite 302
Washington D.C. 20002
T: (202) 470-3520
F: (202) 800-2730
E: nmigliaccio@classlawdc.com

***Counsel for Plaintiff Amrine***

Cassandra P. Miller
(admitted *pro hac vice*)
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com

***Counsel for Plaintiff Norwood***

Jessica A. Wilkes
(admitted *pro hac vice*)
William B. Federman
(admitted *pro hac vice*)
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
T: (405) 235-1560
F: (405) 239-2112
E: jaw@federmanlaw.com

***Counsel For Plaintiff Henry***

Andrea R. Gold (D. Md. Bar No. 18656)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave. NW, Suite 1010,
Washington, D.C. 20006
Phone: (202) 973-0900
Email: agold@tzlegal.com

Manuel S. Hiraldo*
**HIRALDO P.A.**
401 E Las Olas Blvd., Suite 1400
Ft. Lauderdale, FL 33301
Phone: (954) 400-4713
Email: mhiraldo@hiraldolaw.com

*Counsel for Plaintiff Frolo*

Thomas A. Pacheco (Bar No. 201712140091)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
900 W Morgan Street
Raleigh, NC 27603
T: (212) 946-9305
tpacheco@milberg.com

David K. Lietz*
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Ave., NW, Suite 440
Washington, DC 20015
Phone: 866.252.0878
dlietz@milberg.com

*Counsel for Plaintiff Lamb*

\**Pro Hac Vice* forthcoming

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 14, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio