## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER AMRINE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No.: 8:25-cv-1377-PX |
| ALEX NORWOOD, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1399-PX |
| KIPEN HENRY, *on behalf of himself and on behalf of all other similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>Defendant. | Case No. 8:25-cv-1448-PX |

| | |
|---|---|
| KELLY FROLO, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC. d/b/a FITZGERALD AUTO MALLS,<br><br>        Defendant. | Case No. 8:25-cv-1474-PX |
| PHILLIP LAMB, *on behalf of himself and on behalf of all other similarly situated individuals*,<br><br>        Plaintiff,<br><br>v.<br><br>J.J.F. MANAGEMENT SERVICES, INC.,<br><br>        Defendant. | Case No. 8:25-cv-1508-PX |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement[1] is entered into between Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb, individually, and on behalf of all others similarly situated, and Defendant J.J.F. Management Services, Inc., d/b/a Fitzgerald Auto Malls, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I.    <u>Procedural History</u>

1.    Defendant owns and operates a regional automotive dealership network, with

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II herein.

approximately twenty locations across Maryland, Pennsylvania, and Florida. In the course of operating its automotive dealerships, Defendant collects, maintains, and stores its former and current customers' and employees' Personal Information.

2.      On or about February 4, 2024, an unauthorized third party gained access to Defendant's network and accessed files containing Personal Information.

3.      Defendant subsequently began notifying by mail the former and current customers and employees whose Personal Information may have been accessed during the Data Incident.

4.      On April 30, 2025, Plaintiff Amrine filed the first related class action lawsuit on behalf of himself in this litigation in the U.S. District Court for the District of Maryland. Four (4) related cases were subsequently filed: *Norwood v. J.J.F. Management Services, Inc.,* No. 1:25cv1399; *Henry v. J.J.F. Management Services, Inc.,* No. 8:25cv1448; *Frolo v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls.,* No. 8:25cv1474; *Lamb v. J.J.F. Management Services, Inc.,* No. 8:25cv1508.

5.      An additional case was filed in the Montgomery County Circuit Court of Maryland, titled *Abraham v. J.J.F. Management Services, Inc.*, No. C-15-CV-25-002188. This case was removed to U.S. District Court for the District of Maryland on June 11, 2025, and assigned Case No. 8:25cv1892. On July 8, 2025, Plaintiff Abraham filed a motion to remand the case to state court. This motion has yet to be ruled on by the Court.

6.      On November 25, 2025, the Parties participated in an arm's-length mediation before Bennett Picker, Esq. After hard-fought arm's length negotiations, the Parties reached agreement on the material terms of this Settlement to resolve all claims on a class-wide basis.

7.      In advance of the mediation, Plaintiffs and Settlement Class Counsel conducted an investigation of the claims and engaged in informal discovery. Defendant produced information

concerning, among other things, the nature and scope of the Data Incident, the timing and causes of the incident, the categories of Personal Information potentially accessed, and the approximate number of individuals affected. Plaintiffs and Settlement Class Counsel evaluated this information, along with applicable legal standards, potential defenses, and the risks of continued litigation, in preparing for mediation and in negotiating the terms of this Settlement. The Parties' settlement discussions were therefore informed by a sufficient factual record and occurred only after meaningful, arm's-length negotiations.

8.    The Parties now agree to settle the Action in its entirety, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties (both as defined below).

9.    Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Action, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Actions (and similarly does not concede any of the allegations in the other complaints in the Related Actions), and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

10.    Plaintiffs have entered into this Agreement to obtain relief for the Settlement Class and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way

concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

11.    "**Action**" means the class action lawsuit entitled: *Christopher Amrine v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls.*, Case No. 8:25-cv-1377-PX (D. Md.), along with the four Related Actions described in Paragraph 50.

12.    "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

13.    "**Cash Payment(s)**" means the cash compensation paid to Settlement Class Members who submitted a Valid Claim and elected either Cash Payment A – Documented Losses and/or Cash Payment B – Pro Rata Cash Payment. All Cash Payments will be subject to a *pro rata* adjustment depending on the number and type of claims.

14.    "**Cash Payment A – Documented Losses**" means the Settlement Class Member Benefit consisting of a maximum payment of $5,000.00 per Settlement Class Member that Settlement Class Members who incurred documented losses may elect pursuant to Section V herein.

15.    "**Cash Payment B – Pro Rata Cash Payment**" means the Settlement Class Member Benefit consisting of an estimated $100.00 cash payment that Settlement Class Members

may elect pursuant to Section V herein.

16.    "**Claim**" means the submission of a Claim Form by a Claimant for Settlement Class Member Benefits.

17.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 1*, that must be submitted to the Settlement Administrator by Settlement Class Members to elect the Settlement Class Member Benefits in this Settlement. The Claim Form may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

18.    "**Claim Form Deadline**" shall be 90 days following the Notice Date and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for Settlement Class Member Benefits.

19.    "**Claimant**" means a Settlement Class Member or other individual, such as an attorney or legal representative acting on behalf of a Settlement Class Member, who submits a Claim Form.

20.    "**Claims Process**" means the process by which Settlement Class Members may submit Claim Forms online at the Settlement Website or by mail to the Settlement Administrator, including the procedure to approve or reject Claims.

21.    "**Class List**" means a list of Settlement Class Members' names, email addresses and postal addresses, depending upon the records maintained by Defendant, that Defendant shall prepare and provide to the Settlement Administrator within 10 days of Preliminary Approval.

22.    "**Court**" means the United States District Court for the District of Maryland and the Judge(s) assigned to the Action.

23.    "**Credit Monitoring**" means CyEx Financial Shield Total, to be offered for a three-

year period to Settlement Class Members.

24. "**Data Incident**" means the cybersecurity incident that occurred on or around February 4, 2024, and involved unauthorized access by an unknown, outside threat actor to Defendant's cyber network.

25. "**Defendant**" means J.J.F. Management Services, Inc., the defendant in this Action.

26. "**Defendant's Counsel**" means Jill H. Fertel of Cipriani and Werner PC.

27. "**Final**" or "**Effective Date**" means the date on which all of the following events have occurred: (a) the Court has entered the Final Approval Order approving the Settlement; (b) the time for filing any appeal from the Final Approval Order has expired without any appeal having been filed, or, if an appeal has been filed, all appeals have been finally resolved and the Final Approval Order has been affirmed in all material respects; and (c) no further proceedings relating to the Settlement remain pending that would materially alter the Settlement or prevent its implementation. Any order modifying, reversing, or remanding solely the award or amount of attorneys' fees, costs, expenses, or Service Awards shall not delay, affect, or preclude the Settlement from becoming Final or the occurrence of the Effective Date.

28. "**Email Notice**" means the emailed Notice of the Settlement, substantially in the form attached hereto as *Exhibit 2* that the Settlement Administrator shall disseminate to those Settlement Class Members by electronic mail for whom Defendant has an email address.

29. "**Escrow Account**" means the interest-bearing account that will hold the Settlement Fund to be established by the Settlement Administrator consistent with the terms and conditions described herein.

30. "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order.

31.    "**Final Approval Hearing**" means the hearing held before the Court, which shall be held no earlier than 120 days after the Notice Date, during which the Court will consider granting Final Approval of the Settlement and the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards.

32.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement, substantially in the form attached hereto as ***Exhibit 6***.

33.    "**Long Form Notice**" means the long form Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

34.    "**Motion for Attorneys' Fees, Costs, Expenses, and Service Awards**" means the motion seeking Settlement Class Counsel's attorneys' fees and reimbursement of costs and expenses, as well as for Service Awards for the Plaintiffs.

35.    "**Motion for Final Approval**" means the motion that Plaintiffs and Settlement Class Counsel shall file with the Court seeking Final Approval of the Settlement.

36.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

37.    "**Net Settlement Fund**" means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Settlement Administration Costs; (ii) any Service Awards approved by the Court; and (iii) any Attorneys' Fees, Costs, and Expenses approved by the Court.

38.    "**Notice**" means the Email Notice, Postcard Notice, Settlement Website, and Long Form Notice that the Plaintiffs will ask the Court to approve in connection with the Motion for

Preliminary Approval.

39.     "**Notice Date**" means the date by which Email Notice or Postcard Notice shall first

be issued to the Settlement Class Members, and which shall be 30 days after the Court enters the

Preliminary Approval Order.

40.     "**Notice Program**" means the methods provided for in this Agreement for giving

Notice to the Settlement Class.

41.     "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a

Claimant who has submitted an invalid Claim.

42.     "**Objection Period**" means 60 days after the Notice Date.

43.     "**Opt-Out Period**" means 60 days after the Notice Date.

44.     "**Party**" means each of the Plaintiffs and Defendant, and "**Parties**" means Plaintiffs

and Defendant, collectively.

45.     "**Personal Information**" means information collected by Defendant, directly or

indirectly, pertaining to its current and former customers and employees, including, but not limited

to their names, addresses, dates of birth, driver's license numbers, social security numbers, and

financial account information.

46.     "**Plaintiffs**" mean Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo,

and Phillip Lamb.

47.     "**Postcard Notice**" means the postcard Notice of the Settlement, substantially in

the form attached hereto as ***Exhibit 4*** that the Settlement Administrator shall disseminate to those

Settlement Class Members by mail for whom Defendant lacks an email address.

48.     "**Preliminary Approval**" means the preliminary approval of the Settlement, which

occurs when the Court enters the Preliminary Approval Order.

49.     "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

50.     "**Related Actions**" means *Christopher Amrine v. J.J.F. Management Services, Inc*. Case No.: 8:25-cv-1377-PX along with *Norwood v. J.J.F. Management Services, Inc*., No. 1:25cv1399; *Henry v. J.J.F. Management Services*, Inc., No. 8:25cv1448; *Frolo v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls.*, No. 8:25cv1474; *Lamb v. J.J.F. Management Services, Inc*., No. 8:25cv1508.

51.     "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

52.     "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever from the beginning of time until the end of the world, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or relating to the Data Incident.

53.     "**Released Parties**" means Defendant, Defendant's subsidiaries, affiliated and/or related companies, and each entity which is controlled by, controlling or under common ownership or control with Defendant, and each of the their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys,

insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees. It is understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

54.    "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, spouses, and any other representatives of any of these persons and entities.

55.    "**Reminder Notice**" means a second notice sent to all Settlement Class Members who have not yet filed a claim, via email and U.S. Mail, in the event the Claims Rate (as calculated by the Settlement Administrator) is less than 3% of the Settlement Class, and the Parties concur that a Reminder Notice is necessary and advisable. The Reminder Notice will be sent by the Settlement Administrator thirty (30) days prior to the Claims Deadline. Any Reminder Notice will be paid for out of the Settlement Fund.

56.    "**Service Award**" means the payment the Court may award to the Settlement Class Representatives in connection with their service in this Action, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members.

57.    "**Settlement Administrator**" means _____.

58.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration, including any taxes owed by the Settlement Fund, as well as the cost of CAFA Notice.

59.    "**Settlement Agreement**" or "Settlement" or "Agreement" means this Settlement Agreement between Plaintiffs and Defendant.

60.    "**Settlement Class**" means all persons residing in the United States whom

11

Defendant identified as having Personal Information at issue in the Data Incident. Excluded from the Settlement Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge. The Settlement Class is estimated to include approximately 381,679 persons.

61.    "**Settlement Class Counsel**" means Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood.

62.    "**Settlement Class Member**" means a member of the Settlement Class.

63.    "**Settlement Class Member Benefit(s)**" means the Cash Payments and Credit Monitoring that Settlement Class Members may Claim pursuant to Section V herein.

64.    "**Settlement Class Representatives**" mean Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb.

65.    "**Settlement Fund**" means the non-reversionary cash fund that shall be established in the total amount of $2,900,000.00, plus all interest earned thereon.

66.    "**Settlement Payment**" means the total payment of $2,900,000.00 to be made by Defendant for deposit into the Escrow Account according to the schedule and under the terms set forth in this Agreement. The Settlement Payment represents the total extent of Defendant's monetary obligations under this Agreement.

67.    "**Settlement Website**" means the website the Settlement Administrator will

establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Motion for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The URL/domain name of the Settlement Website shall be agreed upon by the Parties. The Settlement Website shall remain online and operable for at least six months after Final Approval.

68.     "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.   <u>Settlement Fund</u>

69.     Within 30 days following Preliminary Approval, Defendant shall fund or cause to fund an initial payment of $250,000, as directed by the Settlement Administrator into the Escrow Account, which shall be available to cover Settlement Administration, Notice, Costs and Expenses incurred prior to entry of the Final Approval Order and Final Judgment, and Defendant shall pay

the balance of $2,650,000 into the Settlement Fund 30 days after the Effective Date. Defendant shall not be responsible for any other payments under the Settlement. The Settlement Fund will be used to pay all Settlement Administration Costs, any Court-awarded attorneys' fees, costs, expenses, and Service Awards, and all Settlement Class Member Benefits. The timing set forth in this provision is contingent upon Defendant's receipt of a Form W-9 and payment instructions from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the initial payment specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

70.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. The funds in the Escrow Account shall earn interest for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed for any reasons, including for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Settlement Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Settlement Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

71.    *Use of Settlement Fund.* The Settlement Fund shall be used solely to pay the following, and in no other manner:

a.    Valid Claims submitted by Settlement Class Members, including reimbursement for documented losses and *pro rata* cash payments, as applicable;

b.    Court-approved attorneys' fees and litigation expenses;

c.    Court-approved Service Awards to the Class Representatives;

d.    Settlement Administration Costs; and

e.    Any applicable taxes and tax-related expenses.

72.    No portion of the Settlement Fund shall revert to Defendant following the Effective Date. Defendant shall have no responsibility or liability whatsoever for the administration, investment, or distribution of the Settlement Fund after it has been funded in accordance with this Agreement.

73.    ***Order of Distribution.*** Following the Effective Date and after payment of Administration Costs, Court-approved attorneys' fees and expenses, Service Awards, and applicable taxes, the Settlement Administrator shall distribute the Net Settlement Fund in the following order:

a.    Valid Claims for documented losses, paid up to any applicable individual cap;

b.    The cost of credit monitoring;

c.    Pro rata cash payments to Settlement Class Members who submitted Valid Claims for such relief; and

d.    Any other relief expressly approved by the Court.

74.    *Pro rata* cash payments shall be increased or decreased on a proportional basis as necessary to exhaust the Net Settlement Fund

75.    In the event this Agreement is voided, terminated, or cancelled due to lack of

approval from the Court or any other reason: (i) the Settlement Class Representatives and Settlement Class Counsel shall have no obligation to repay any of the Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund after payment of Settlement Administration Costs paid or incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any taxes, shall be returned to those who paid the Settlement Payment; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

## IV.    Certification of the Settlement Class

76.    Following execution of this Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement.  Settlement Class Counsel shall provide Defendant's counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

77.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if: (1) a Final Approval Order is not issued; (2) the Effective Date does not occur; or (3) the Agreement is otherwise terminated, then any certification of the Settlement Class shall be null and void, and for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Settlement Class Counsel shall not reference this Agreement, any negotiations of this Agreement, or any action relating to the Agreement, including the Motion for Preliminary Approval, in support of any subsequent motion for class certification of any class in

16

the Action.

## V.    **Settlement Benefits**

78.    Settlement Class Members shall have until the Claim Form Deadline to submit a Claim. When submitting a Claim, Settlement Class Members may choose Cash Payment A – Documented Losses and/or Cash Payment B – Pro Rata Cash Payment. All Settlement Class Members shall also have the option to submit a claim for the Credit Monitoring, in addition to or in lieu of the Cash Payments. If a Settlement Class Member does not submit a Valid Claim or opt-out of the Settlement, the Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Class Member Benefit.

### a.    **Cash Payment A – Documented Losses**

Settlement Class Members may submit a Claim for a Cash Payment for up to $5,000.00 per Settlement Class Member, subject to *pro rata* adjustment as addressed below, upon presentation of documented losses related to the Data Incident that were incurred between February 4, 2024, and the Claim Form Deadline. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documented losses. Settlement Class Members will be required to submit reasonable and sufficient documentation supporting the losses. By way of example, reimbursable losses may include, but are not limited to, out-of-pocket credit monitoring costs incurred, out-of-pocket losses associated with any fraud or identity theft, such as loss of funds, bank fees, long-distance phone charges, postage, travel expenses, etc. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including, without limitation, compensation provided in connection with any identity protection and credit monitoring services. If a Settlement Class Member does not submit reasonable

17

documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected.

**b. Cash Payment B – Pro Rata Cash Payment**

In addition to Cash Payment A – Documented Losses above, a Settlement Class Member may also elect to receive Cash Payment B – Pro Rata Cash Payment, which is a cash payment currently estimated to be $100.00, subject to a *pro rata* adjustment as addressed further below. Claimants of either Cash Payment A or B shall also be entitled to receive Credit Monitoring, as defined above, as well.

79. ***Pro Rata* Adjustments on Cash Payments** – Cash Payments will be subject to a *pro rata* increase in the event the value of the Valid Claims, combined with the Settlement Administration Costs and court-approved Service Awards and Attorneys' Fees, Costs and Expenses, are insufficient to exhaust the entire Settlement Fund. Similarly, in the event the value of the Valid Claims, combined with the Settlement Administration Costs and court-approved Service Award and Attorneys' Fees, Costs and Expenses exhausts or exceeds the amount of the Settlement Fund, the amount of the Cash Payments will be reduced *pro rata* accordingly. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds for Cash Payment A – Documented Losses, and then for Cash Payment B – Pro Rata Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.

80. **Credit Monitoring**. In addition to electing any of the other benefits, Settlement Class Members may claim three years of Cyex's Financial Shield Total with one-bureau Credit Monitoring that will provide the following benefits: one-bureau credit monitoring, dark web

monitoring, identity theft insurance coverage for up to $1,000,000, and fully managed identity recovery services.

81.    **Business Practice Changes –** Defendant has undertaken reasonable steps to further secure its systems and environments. Any costs associated with such measures have been or shall be borne by Defendant separately and apart from the Settlement Fund

## VI.    <u>Settlement Approval</u>

82.    Following execution of this Agreement by all Parties and Settlement Class Counsel, Settlement Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Settlement Class Counsel and Defendant.

83.    The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim Process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint the Plaintiffs who sign this agreement as Settlement Class Representatives, and Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Settlement Class Counsel, for Settlement purposes; (7) stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Settlement Class Counsel, and Defendant's Counsel.

## VII.  Settlement Administrator

84.    The Parties agree that, subject to Court approval, _____ shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

85.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and distributing the Settlement Class Member Benefits.

86.    The Settlement Administrator's duties include:

a.    Providing CAFA Notice;

b.    Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice or Postcard Notice, sending out Long Form Notices and paper Claim Forms on request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and distributing the Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims;

c.     Ensuring the dissemination of emails to Settlement Class Members instructing how to activate the Credit Monitoring product;

d.    Establishing and maintaining the Settlement Fund and the Escrow Account approved by the Parties;

e.    Establishing and maintaining a post office box to receive opt-out requests

20

from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

f.      Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

g.      Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

h.      Responding to any mailed Settlement Class Member inquiries;

i.      Processing all opt-out requests from the Settlement Class and promptly providing copies to Settlement Class Counsel and Defendant's counsel;

j.      Providing weekly reports to Settlement Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, the number of Claims for each form of Settlement Class Member Benefit, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

k.      Make available for inspection by Settlement Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice;

l.      Within seven days after the Opt-Out Period ends, the Settlement Administrator shall provide the Settlement Class Counsel and Defendant's Counsel a complete and final list of all Opt-Outs;

m.      Within seven days after the Objection Period ends, the Settlement Administrator shall provide the Settlement Class Counsel and Defendant's Counsel with a copy of

21

all objections submitted;

n.      In advance of the Final Approval Hearing, preparing a declaration for the Parties confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

o.      Distributing, out of the Net Settlement Fund, Cash Payments by electronic means or by paper check;

p.      Paying Court-approved Attorneys' Fees, Costs and Expenses, and Service Awards out of the Settlement Fund;

q.      Paying Settlement Administration Costs out of the Settlement Fund following approval by the Parties; and

r.      Any other Settlement administration function at the instruction of Settlement Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments access information have been properly distributed.

## VIII.   <u>**Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures**</u>

87.      Defendant will make available to the Settlement Administrator the Class List no later than 10 days after entry of the Preliminary Approval Order. To the extent necessary, Defendant will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

88. Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court.

89. The Email and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; a link to the Settlement Website where a Claim may be submitted or a Claim Form that can be mailed directly to the Settlement Administrator, respectively; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class Members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Settlement Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Before Notices are sent, the Settlement Administrator shall provide Settlement Class Counsel and Defendant's Counsel with proof copies (reflecting what the items will look like in their final form) so they may inspect the same for compliance with the Settlement Agreement and any orders of the Court. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

90. The Settlement Administrator shall establish the Settlement Website as soon as practicable following entry of the Preliminary Approval Order, but no later than the day before Notice is first initiated, with the URL/domain name of the website address to be agreed upon by

the Parties. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

91.    The Long Form Notice shall be in a form substantially similar to that attached hereto as *Exhibit 3* and also shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than 60 days after the Notice Date. The Email and Postcard Notice shall direct Settlement Class Members to the Settlement Website to obtain the opt-out instructions.

92.    A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

93.    Settlement Class Members cannot opt-out by telephone or by email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed. Any such purported opt-out request(s) shall be void, and the Settlement Class Member(s) who is or are the subject of such purported opt-out requests shall be treated as a Settlement Class Member and be bound by this

Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely opt-out request in accordance with the provisions of paragraph 92 of this Agreement.

94.     The Long Form Notice also shall explain the procedure for Settlement Class Members to object to the Settlement and/or Motion for Attorneys' Fees, Costs, Expenses, and Service Awards, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Settlement Website and Long Form Notice to obtain the objection instructions.

95.      Objections must be filed with the Court and sent by U.S. Mail to Settlement Class Counsel (at the address provided in paragraph 159), Defendant's Counsel (at the address provided in paragraph 159), and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

96.     For an objection to be considered by the Court, the objection must also set forth:

    a.     the objector's full name, mailing address, telephone number, and email address (if any);

    b.     the case name and case number;

    c.     all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.    the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or the Motion for Attorneys' Fees, Costs, Expenses and Service Awards, and whether they will appear that the Final Approval Hearing;

f.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.    the objector's signature (an attorney's signature is not sufficient).

97.    The Settlement Administrator shall perform reasonable address traces for Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be

utilized for such purpose. As early as practicable, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

98.     The Settlement Administrator shall perform reasonable email address traces for Email Notices that are returned as undeliverable. As early as practicable, the Settlement Administrator shall complete the re-emailing of Email Notice to those Settlement Class Members whose new email addresses were identified as of that time through address traces.

## IX.    **Claim Form Process and Disbursement of Settlement Class Member Benefits**

99.     The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

100.    Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

101.    The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

102.    The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. If the Settlement Administrator identifies any Claim Form

that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

103.    The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claims process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

104.    Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator shall send a Notice of Deficiency explaining what information is missing or inaccurate. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information.

If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Claimant shall be deemed to have not satisfied the requirements and therefore shown a desire to receive a Pro Rata Cash Payment. The Settlement Administrator shall send a Pro Rata Cash Payment to such Claimants in lieu of any other payment.

105.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.     Failure to fully complete and/or sign the Claim Form;

b.     Illegible Claim Form;

c.     The Claim Form is fraudulent;

d.     The Claim Form is duplicative of another Claim Form;

e.     The Claimant is not a Settlement Class Member;

f.     The Claimant submitted a timely and valid request to opt out of the Settlement Class;

g.     The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.     Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.     The Claim Form otherwise does not comply with the requirements of this Settlement.

106.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.     The Settlement Administrator shall have 30 days from the Claim Form

Deadline to approve or reject Claims;

b.    A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph;

c.    If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Settlement Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants;

d.    If a Settlement Class Member receives notice that the Settlement Administrator has determined that the deficiencies it has identified have not been cured, the Settlement Class Member may request an appeal in writing, including any supporting documents. The appeal must be submitted within seven days of the Settlement Administrator sending the notice. In the event of an appeal, the Settlement Administrator shall provide the Parties with all relevant documentation regarding the appeal. The Parties will confer regarding the appeal. If they agree on a disposition of the appeal, that disposition will be final and non-appealable. If they cannot agree on disposition of the appeal, the dispute will be submitted to the Settlement Administrator for final, non-appealable disposition.  In reaching disposition, the Settlement Administrator is authorized to communicate with counsel for the Parties separately or collectively; and

e.    The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

107.    No decision of the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any proceedings in any forum or before any authority.

108.    The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all

notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Settlement Class Counsel or Defendant's Counsel. Additionally, Settlement Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

109.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Settlement Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

110.    The Settlement Administrator shall distribute the Settlement Class Member Benefits no later than 30 days after the Effective Date.

111.    Cash Payments will be made by electronic payment (subject to the approval of Settlement Class Counsel) or by paper check for Valid Claims, based on the method selected by the Settlement Class Member on the submitted Claim Form. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Settlement Class Counsel and Defendant's Counsel. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided by the Settlement Class Member to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement right to the funds.

## X.    Final Approval Order and Final Judgment

112.    Settlement Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing. Counsel for the

Parties shall request that the Court set a date for the Final Approval Hearing no earlier than 120 days after entry of the Preliminary Approval Order. Settlement Class Counsel shall provide Defendant's counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

113.    Plaintiffs shall file their Motion for Final Approval of the Settlement no later than 21 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Motion for Attorneys' Fees, Costs, Expenses, and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

114.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Motion for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

   a.    Determine that the Settlement is fair, adequate and reasonable;

   b.    Finally certify the Settlement Class for settlement purposes only;

   c.    Determine that the Notice Program satisfies Due Process requirements;

   d.    Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

   e.    Release Defendant and the other Released Parties from the Released

Claims; and

        f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    **Attorneys' Fees, Costs, Expenses and Service Awards**

115.    At least 14 days prior to the last day of the Opt-Out Period and Objection Period, Settlement Class Counsel shall file the motion requesting an award of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of reasonable costs and expenses incurred related to the Action. The attorneys' fees, cost, and expense awards approved by the Court (the "Fee Award") shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Settlement Class Counsel within thirty (30) days of the Effective Date.

116.    In recognition of the time and effort the Settlement Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities to the Settlement Class, and of the relief conferred on all Settlement Class Members by the Settlement, Settlement Class Counsel shall request a Service Award for the Settlement Class Representatives in an amount not to exceed $2,500.00 each. The Service Awards shall be separate and apart from the Settlement Class Representatives' entitlement to Settlement Class Member Benefits. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund within thirty (30) days of the Effective Date.

117.    This Settlement is not contingent on approval of the request for attorneys' fees, costs, expenses, or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The

provisions for attorneys' fees, costs, expenses, and Service Awards were negotiated after all other material terms of the Settlement. The amount and timing of the attorneys' fees, costs and expenses award and any Service Award are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order modifying or reversing, in whole or in part, the award of attorneys' fees, litigation expenses, or service awards shall not affect the validity or finality of the Settlement and shall not constitute grounds for termination of this Agreement.

118.    Should the Court award less than the amount sought by Settlement Class Counsel for either the attorneys' fees, costs and expenses award or the Service Awards, the difference in the amount sought and the amount ultimately awarded shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

119.    Settlement Class Counsel agree to hold Defendant harmless from any claim regarding the division of any Fee Award, and any claim that the term "Settlement Class Counsel" fails to include any counsel, person, or firm who claims that they are entitled to a share of any award of attorneys' fees, costs, and expenses in this Action.

120.    Beyond making the payments into the Escrow Account in the total amount of $2,900,000.00 as addressed in paragraph 69, Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to any distribution or allocation of any Fee Award or any Service Awards. To the extent the Effective Date does not occur, Plaintiffs shall have no right to receive any Service Awards and Settlement Class Counsel shall have no right to receive any Fee Award.

## XII.    Disposition of Residual Funds

121.    The funds in the Settlement Fund shall be distributed to Settlement Class Members

until it is no longer financially practicable (i.e. defined as resulting in payments of $3.00 or less, the cost of which outweighs the benefit to Settlement Class Members) to do so, by way of supplemental pro rata payments to Settlement Class Members making valid claims. In the event there are funds remaining in the Settlement Fund 20 days following the 90-day period to negotiate electronic payments or cash checks (including all reissued checks), following payment of Settlement Class Member Payments, any residual funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose the Maryland Bar Foundation, Inc. as the *cy pres* recipient.

## XIII.  **Releases**

122.   The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the claims asserted in the Action and any and all Released Claims, as against all Released Parties.

123.   Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims as defined in Paragraph 52.

124.   The Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that could have been raised in the Action and that any of the Releasing Parties do not know to exist or suspect to exist, which, if known by them, might affect their agreement to release Defendant and all other Released Parties, or might affect their decision whether to agree, object, or participate in the Settlement. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those

that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the Effective Date, the Plaintiffs expressly shall have, and all other Releasing Persons shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

125.    Upon the Effective Date, the Plaintiffs expressly shall have, and all other Releasing Persons also shall be deemed to have, and by operation of the Final Approval Order shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Settling Parties acknowledge, and the Releasing Persons shall be deemed by operation of the Final Approval Order to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

126.    The Releasing Parties agree that, once this Agreement is executed, they will not,

36

directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

127.    Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to the Released Claims and all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

128.    Settlement Class Members who opt-out of the Settlement (thus leaving the Settlement Class) prior to the end of the Opt-Out Period do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.

129.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court

order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

130.    The Final Approval Order and Final Judgment shall provide that the Action is dismissed with prejudice as to the Plaintiffs and all Settlement Class Members.

131.    The Released Claims shall be included within the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "**Released Class Claims**"). The Released Class Claims shall constitute and may be raised as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

**XIV.    Termination of Settlement**

132.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.    Court approval of the Settlement consideration and the Releases set forth in this Agreement;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

133.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then, unless the Parties agree otherwise in an executed writing, this

Agreement shall be cancelled and terminated.

134.    Additionally, Defendant shall have the sole option to terminate this Agreement if 500 or more Settlement Class Members opt-out of the Settlement. Defendant may notify Settlement Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Paragraph no later than 10 days after receipt of the final list of opt-outs from the Settlement Administrator, or the option to terminate shall be considered waived.

135.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement, as well as any documentation relating to the Agreement (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

136.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Settlement Class Counsel, or the Settlement Administrator the Settlement Administration Costs incurred and/or paid up to the date of termination. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to

Defendant within 20 days of termination.

137.    Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

## XV.    **Effect of Termination**

138.    The grounds upon which this Agreement may be terminated are set forth in Section XV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Settlement Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

139.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    **No Admission of Liability**

140.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Action. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing

of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

141.    Settlement Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Settlement Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Settlement Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

142.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

143.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

41

144.     In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

145.     ***Gender and Plurals***. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

146.     ***Headings***. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

147.     ***Invalidity***. In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement, as long as the benefits of this Settlement Agreement to Defendant and the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

148.     ***Third-Party Claims***. In the event a third party, such as a bankruptcy trustee, former spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to

any, responsibility for such transmittal.

149.  **Press Releases.** If any press release is to be issued by a Party, including their respective counsel, concerning the Settlement, the language of such press release must be approved in advance and in writing by the other Party. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media or the world wide web about this Action or the Settlement, other than what is posted by the Settlement Administrator on the Settlement Website.

150.  **Binding Effect.** This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

151.  **Cooperation of Parties.** The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

152.  **Obligation to Meet and Confer.** Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

153.  **Integration of Exhibits.** The exhibits to this Agreement are a material part of the Settlement and are incorporated and made a part of the Agreement.

154.  **Integration and No Reliance.** This Agreement, including all exhibits hereto, constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of

any kind whatsoever have been made by any Party hereto, except as provided for herein.

155.    ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

156.    ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Maryland, without regard to the principles thereof regarding choice of law.

157.    ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

158.    ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

159.    ***Notices***. All notices provided for herein, shall be sent by email with a hard copy

sent by overnight mail to:

    If to Plaintiffs or Settlement Class Counsel:

        Nicholas A. Migliaccio
        **MIGLIACCIO & RATHOD, LLP**
        412 H Street, NE, Suite 302
        Washington, DC  20002
        nmigliaccio@classlawdc.com

        Jessica A. Wilkes
        **FEDERMAN & SHERWOOD**
        10205 North Pennsylvania Avenue
        Oklahoma City, OK 73120
        E: jaw@federmanlaw.com

        Cassandra P. Miller
        **STRAUSS BORRELLI PLLC**
        980 N. Michigan Avenue, Suite 1610
        Chicago, IL 60611
        cmiller@straussborrelli.com

    If to Defendant or Defendant's Counsel:

        Jill H. Fertel
        **Cipriani & Werner PC**
        Three Valley Square, Suite 305
        12 E. Township Line Road
        Blue Bell, PA 19422
        jfertel@c-wlaw.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

    160.    ***Modification and Amendment***. This Agreement may not be amended or modified, except by a written instrument signed by all the Parties or their successors in interest and, if the Settlement has been approved preliminarily by the Court, approved by the Court. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and consistent with any orders of the Court in this proceeding, the exhibits to this Agreement may

be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Notice to the Settlement Class.

161.    *No Waiver*. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

162.    *Authority*. Settlement Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendant's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

163.    *Other Litigation*. Plaintiffs and Settlement Class Counsel will not cooperate with or encourage any action or filing of claims against Defendant or any Released Parties related to any of the Released Claims.

164.    *Deadlines*. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

165.    *Agreement Mutually Prepared*. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

166.    *Independent Investigation and Decision to Settle*. The Parties understand and

acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge that had the right and ability to retain experts and specialists and that they reviewed and analyzed data that they and their experts and specialists, as applicable, used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement, which was negotiated in good faith and at arm's length, is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

167.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signature Page to Follow*

47

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: 01/07/2026

**Christopher Amrine**

By:_____    _____

Christopher Amrine, individually and as
representative of the Class


Dated:

**Alex Norwood**

By:_____

 Alex Norwood, individually and as
representative of the Class


Dated:

**Kipen Henry**

By:_____

Kipen Henry, individually and as
representative of the Class


Dated:

**Kelly Frolo**

By:_____

Kelly Frolo, individually and as
representative of the Class


Dated:

**Phillip Lamb**

By:_____

Phillip Lamb, individually and as
representative of the Class

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:                              **Christopher Amrine**

By:_____

Christopher Amrine, individually and as
representative of the Class

Dated: 01 / 07 / 2026            **Alex Norwood**

By:_____

 Alex Norwood, individually and as
representative of the Class

Dated:                              **Kipen Henry**

By:_____

Kipen Henry, individually and as
representative of the Class

Dated:                              **Kelly Frolo**

By:_____

Kelly Frolo, individually and as
representative of the Class

Dated:                              **Phillip Lamb**

By:_____

Phillip Lamb, individually and as
representative of the Class

48

Doc ID: 54e8a415b868ae27b46cb78223c568984912ea59

Docusign Envelope ID: AFCC09B1-5807-4E89-97BF-2A0FEFAE23D6

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:                                              **Christopher Amrine**

By: _____

Christopher Amrine, individually and as
representative of the Class

Dated:                                              **Alex Norwood**

By: _____

Alex Norwood, individually and as
representative of the Class

Dated:                                              **Kipen Henry**

1/7/2026

By: _____

Kipen Henry, individually and as
representative of the Class

Dated:                                              **Kelly Frolo**

By: _____

Kelly Frolo, individually and as
representative of the Class

Dated:                                              **Phillip Lamb**

By: _____

Phillip Lamb, individually and as
representative of the Class

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:                                      **Christopher Amrine**


By:_____

Christopher Amrine, individually and as
representative of the Class


Dated:                                      **Alex Norwood**


By:_____



Alex Norwood, individually and as
representative of the Class


Dated:                                      **Kipen Henry**


By:_____

Kipen Henry, individually and as
representative of the Class


Dated:                                      **Kelly Frolo**
       01/07/26


By:_____
       Kelly Frolo (Jan 7, 2026 16:56:09 EST)

Kelly Frolo, individually and as
representative of the Class


Dated:                                      **Phillip Lamb**

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:                                             **Christopher Amrine**


                                                    By:_____

                                                    Christopher Amrine, individually and as
                                                    representative of the Class


Dated:                                             **Alex Norwood**


                                                    By:_____

                                                     Alex Norwood, individually and as
                                                    representative of the Class


Dated:                                             **Kipen Henry**


                                                    By:_____

                                                    Kipen Henry, individually and as
                                                    representative of the Class


Dated:                                             **Kelly Frolo**


                                                    By:_____

                                                    Kelly Frolo, individually and as
                                                    representative of the Class


Dated:  01/07/2026                                 **Phillip Lamb**


                                                    By:_____

                                                    Phillip Lamb, individually and as
                                                    representative of the Class

By:_____

Phillip Lamb, individually and as
representative of the Class

Dated:

J.J.F. Management Services, Inc.

By: _____

Name: _____

Title: _____

IT IS SO STIPULATED BY COUNSEL:

SETTLEMENT CLASS COUNSEL

_____
Nicholas Migliaccio
Migliaccio & Rathod LLP

_____
Cassandra Miller
Strauss Borrelli PLLC

_____
Jessica Wilkes
Federman & Sherwood

COUNSEL FOR DEFENDANT

_____
Jill Fertel
Cipriani & Werner PC

Dated:                                          **J.J.F. Management Services, Inc.**


By:_____


Name:_____


Title:_____


**IT IS SO STIPULATED BY COUNSEL:**


**SETTLEMENT CLASS COUNSEL**

*Nicholas Migliaccio*
_____
Nicholas Migliaccio
Migliaccio & Rathod LLP


_____
Cassandra Miller
Strauss Borrelli PLLC


_____
Jessica Wilkes
Federman & Sherwood


**COUNSEL FOR DEFENDANT**


_____
Jill Fertel
Cipriani & Werner PC

Dated:                                        **J.J.F. Management Services, Inc.**


By:_____


Name:_____


Title:_____


**IT IS SO STIPULATED BY COUNSEL:**


**SETTLEMENT CLASS COUNSEL**


_____
Nicholas Migliaccio
Migliaccio & Rathod LLP

_____
Cassandra Miller
Strauss Borrelli PLLC


_____
Jessica Wilkes
Federman & Sherwood


**COUNSEL FOR DEFENDANT**


_____
Jill Fertel
Cipriani & Werner PC

Doc ID: 54e8a415b868ae27b46cb78223c568984912ea59

Dated:                                      **J.J.F. Management Services, Inc.**


By:_____


Name:_____


Title:_____


**IT IS SO STIPULATED BY COUNSEL:**


**SETTLEMENT CLASS COUNSEL**

_____
Nicholas Migliaccio
Migliaccio & Rathod LLP


_____
Cassandra Miller
Strauss Borrelli PLLC

_____
Jessica Wilkes
Federman & Sherwood


**COUNSEL FOR DEFENDANT**

_____
Jill Fertel
Cipriani & Werner PC