# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation* | Case No.: 8:25-cv-01377-PX |

**AMENDED AND SUPERSEDING SETTLEMENT AGREEMENT**

This Settlement Agreement[1] is entered into between Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb, individually, and on behalf of all others similarly situated, and Defendant J.J.F. Management Services, Inc., d/b/a Fitzgerald Auto Malls, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

## I. Procedural History

1. Defendant owns and operates a regional automotive dealership network, with approximately twenty locations across Maryland, Pennsylvania, and Florida. In the course of operating its automotive dealerships, Defendant collects, maintains, and stores its former and current customers' and employees' Personal Information.

2. On or about February 4, 2024, an unauthorized third party gained access to Defendant's network and accessed files containing Personal Information.

[1] All capitalized terms herein shall have the same meanings as those defined in Section II herein.

3. Defendant subsequently began notifying by mail the former and current customers and employees whose Personal Information may have been accessed during the Data Incident.

4. On April 30, 2025, Plaintiff Amrine filed the first related class action lawsuit on behalf of himself in this litigation in the U.S. District Court for the District of Maryland. Four (4) related cases were subsequently filed: *Norwood v. J.J.F. Management Services, Inc.,* No. 1:25cv1399; *Henry v. J.J.F. Management Services, Inc*., No. 8:25cv1448; *Frolo v.·J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls,* No. 8:25cv1474; *Lamb v. J.J.F. Management Services, Inc.,* No. 8:25cv1508.

5. An additional case was filed in the Montgomery County Circuit Court of Maryland, titled *Abraham v. J.J.F. Management Services, Inc.*, No. C-15-CV-25-002188. This case was removed to U.S. District Court for the District of Maryland on June 11, 2025, and assigned Case No. 8:25cv1892.

6. On November 25, 2025, the Parties participated in an arm's-length mediation before Bennett Picker, Esq. After hard-fought arm's length negotiations, the Parties reached agreement on the material terms of this Settlement to resolve all claims on a class-wide basis.

7. In advance of the mediation, Plaintiffs and Settlement Class Counsel conducted an investigation of the claims and engaged in informal discovery. Defendant produced information concerning, among other things, the nature and scope of the Data Incident, the timing and causes of the incident, the categories of Personal Information potentially accessed, and the approximate number of individuals affected. Plaintiffs and Settlement Class Counsel evaluated this information, along with applicable legal standards, potential defenses, and the risks of continued litigation, in preparing for mediation and in negotiating the terms of this Settlement. The Parties' settlement discussions were therefore informed by a sufficient factual record and occurred only after



Doc ID: [illegible]

meaningful, arm's-length negotiations.

8. On or around January 7, 2026, the Parties signed a settlement agreement and filed a motion for preliminary approval before the Court.

9. On January 8, 2026, the Court consolidated these matters and on January 22, 2026, Plaintiffs filed their Consolidated Complaint (Dkt. 24). After the cases were consolidated, the Plaintiffs withdrew their motion for preliminary approval and the Parties revised the prior settlement agreement into this Settlement Agreement to reflect the Court's consolidation. This Settlement Agreement amends and supersedes all previous versions of the settlement agreement and also memorializes the agreement of the Parties.

10. The Parties now agree to settle the Action in its entirety, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties (both as defined below).

11. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Action, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Consolidated Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Consolidated Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

12. Plaintiffs have entered into this Agreement to obtain relief for the Settlement Class



Doc ID: [illegible]

and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Consolidated Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II. Definitions

13. "**Action**" means the consolidated class action lawsuit entitled: *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*, Case No. 8:25-cv-01377-PX (D. Md.).

14. "**CAFA Notice**" means the Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

15. "**Cash Payment(s)**" means the cash compensation paid to Settlement Class Members who submitted a Valid Claim and elected either Cash Payment A – Documented Losses and/or Cash Payment B – Pro Rata Cash Payment. All Cash Payments will be subject to a *pro rata* adjustment depending on the number and type of claims.

16. "**Cash Payment A – Documented Losses**" means the Settlement Class Member Benefit consisting of a maximum payment of $5,000.00 per Settlement Class Member that Settlement Class Members who incurred documented losses may elect pursuant to Section V herein.



Doc ID: 42792100037e6d7957f94230769c737e325a5f07e3f44a

17. "**Cash Payment B – Pro Rata Cash Payment**" means the Settlement Class Member Benefit consisting of an estimated $100.00 cash payment that Settlement Class Members may elect pursuant to Section V herein.

18. "**Claim**" means the submission of a Claim Form by a Claimant for Settlement Class Member Benefits.

19. "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 1***, that must be submitted to the Settlement Administrator by Settlement Class Members to elect the Settlement Class Member Benefits in this Settlement. The Claim Form may be modified, subject to the Parties' approval, to meet the requirements of the Settlement Administrator.

20. "**Claim Form Deadline**" shall be 90 days following the Notice Date and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for Settlement Class Member Benefits.

21. "**Claimant**" means a Settlement Class Member or other individual, such as an attorney or legal representative acting on behalf of a Settlement Class Member, who submits a Claim Form.

22. **"Claims Process"** means the process by which Settlement Class Members may submit Claim Forms online at the Settlement Website or by mail to the Settlement Administrator, including the procedure to approve or reject Claims.

23. "**Class List**" means a list of Settlement Class Members' names, email addresses and/or postal addresses, depending upon the records maintained by Defendant, that Defendant shall prepare and provide to the Settlement Administrator within 10 days of Preliminary Approval.

24. "**Court**" means the United States District Court for the District of Maryland and

the Judge(s) assigned to the Action.

25. **"Credit Monitoring"** means CyEx Financial Shield Total, to be offered for a three-year period to Settlement Class Members.

26. "**Data Incident**" means the cybersecurity incident that occurred on or around February 4, 2024, and involved unauthorized access by an unknown, outside threat actor to Defendant's cyber network.

27. "**Defendant**" means J.J.F. Management Services, Inc., the defendant in this Action.

28. "**Defendant's Counsel**" means Jill H. Fertel of Cipriani and Werner PC.

29. "**Final**" or "**Effective Date**" means the date on which all of the following events have occurred: (a) the Court has entered the Final Approval Order approving the Settlement; (b) the time for filing any appeal from the Final Approval Order has expired without any appeal having been filed, or, if an appeal has been filed, all appeals have been finally resolved and the Final Approval Order has been affirmed in all material respects; and (c) no further proceedings relating to the Settlement remain pending that would materially alter the Settlement or prevent its implementation. Any order modifying, reversing, or remanding solely the award or amount of attorneys' fees, costs, expenses, or Service Awards shall not delay, affect, or preclude the Settlement from becoming Final or the occurrence of the Effective Date.

30. "**Email Notice**" means the emailed Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2*** that the Settlement Administrator shall disseminate to those Settlement Class Members by electronic mail for whom Defendant has an email address.

31. "**Escrow Account**" means the interest-bearing account that will hold the Settlement Fund to be established by the Settlement Administrator consistent with the terms and conditions described herein.

32. "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order.

33. "**Final Approval Hearing**" means the hearing held before the Court, which shall be held no earlier than 120 days after the Notice Date, during which the Court will consider granting Final Approval of the Settlement and the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards.

34. "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement, substantially in the form attached hereto as ***Exhibit 6***.

35. "**Long Form Notice**" means the long form Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

36. "**Motion for Attorneys' Fees, Costs, Expenses, and Service Awards**" means the motion seeking Settlement Class Counsel's attorneys' fees and reimbursement of costs and expenses, as well as for Service Awards for the Plaintiffs.

37. "**Motion for Final Approval**" means the motion that Plaintiffs and Settlement Class Counsel shall file with the Court seeking Final Approval of the Settlement.

38. "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the Court seeking Preliminary Approval of the Settlement.

39. **"Net Settlement Fund"** means the amount of funds that remain in the Settlement Fund after funds are paid from or allocated for payment from the Settlement Fund for the following: (i) Settlement Administration Costs; (ii) any Service Awards approved by the Court; and (iii) any Attorneys' Fees, Costs, and Expenses approved by the Court.

40. “**Notice**” means the Email Notice, Postcard Notice, Settlement Website, and Long Form Notice that the Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

41. “**Notice Date**” means the date by which Email Notice or Postcard Notice shall first be issued to the Settlement Class Members, and which shall be 30 days after the Court enters the Preliminary Approval Order.

42. “**Notice Program**” means the methods provided for in this Agreement for giving Notice to the Settlement Class.

43. “**Notice of Deficiency**” means the notice sent by the Settlement Administrator to a Claimant who has submitted an invalid Claim.

44. “**Objection Period**” means 60 days after the Notice Date.

45. “**Opt-Out Period**” means 60 days after the Notice Date.

46. “**Party**” means each of the Plaintiffs and Defendant, and “**Parties**” means Plaintiffs and Defendant, collectively.

47. “**Personal Information**” means information collected by Defendant, directly or indirectly, pertaining to its current and former customers and employees, including, but not limited to their names, addresses, dates of birth, driver’s license numbers, social security numbers, and financial account information.

48. “**Plaintiffs**” mean Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb.

49. “**Postcard Notice**” means the postcard Notice of the Settlement, substantially in the form attached hereto as ***Exhibit 4*** that the Settlement Administrator shall disseminate to those Settlement Class Members by mail for whom Defendant lacks an email address.

50. “**Preliminary Approval**” means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order.

51. “**Preliminary Approval Order**” means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

52. “**Related Actions**” means the cases consolidated by the Court on January 8, 2026, which includes *Christopher Amrine v. J.J.F. Management Services, Inc*. Case No.: 8:25-cv-1377-PX along with *Norwood v. J.J.F. Management Services, Inc*., No. 1:25cv1399; *Henry v. J.J.F. Management Services*, Inc., No. 8:25cv1448; *Frolo v. J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls*, No. 8:25cv1474; *Lamb v. J.J.F. Management Services, Inc*., No. 8:25cv1508.

53. “**Releases**” means the releases and waiver set forth in Section XIII of this Agreement.

54. “**Released Claims**” means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys’ fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever from the beginning of time until the end of the world, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or relating to the Data Incident.

55. “**Released Parties**” means Defendant, Defendant’s subsidiaries, affiliated and/or related companies, and each entity which is controlled by, controlling or under common ownership

or control with Defendant, and each of their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, servants, employees, partners, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees. It is understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

56. "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, spouses, and any other representatives of any of these persons and entities.

57. **"Reminder Notice"** means a second notice sent to all Settlement Class Members who have not yet filed a claim, via email and U.S. Mail, in the event the Claims Rate (as calculated by the Settlement Administrator) is less than 3% of the Settlement Class, and the Parties concur that a Reminder Notice is necessary and advisable. The Reminder Notice will be sent by the Settlement Administrator thirty (30) Days prior to the Claims Deadline. Any Reminder Notice will be paid for out of the Settlement Fund.

58. "**Service Award**" means the payment the Court may award to the Settlement Class Representatives in connection with their service in this Action, which is in addition to any Settlement Class Member Benefit due to Plaintiffs as Settlement Class Members.

59. "**Settlement Administrator**" means Simpluris, Inc.

60. "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration, including any taxes owed by the Settlement Fund, as well as the cost of CAFA Notice.



Doc ID: [illegible]

61. "**Settlement Agreement**" or "Settlement" or "Agreement" means this Amended and Superseding Settlement Agreement between Plaintiffs and Defendant.

62. "**Settlement Class**" means all persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident. Excluded from the Settlement Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge. The Settlement Class is estimated to include approximately 381,679 persons.

63. "**Settlement Class Counsel**" means Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood.

64. "**Settlement Class Member**" means a member of the Settlement Class.

65. "**Settlement Class Member Benefit(s)**" means the Cash Payments and Credit Monitoring that Settlement Class Members may Claim pursuant to Section V herein.

66. "**Settlement Class Representatives**" mean Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb.

67. "**Settlement Fund**" means the non-reversionary cash fund that shall be established in the total amount of $2,900,000.00, plus all interest earned thereon.

68. "**Settlement Payment**" means the total payment of $2,900,000.00 to be made by Defendant for deposit into the Escrow Account according to the schedule and under the terms set

forth in this Agreement. The Settlement Payment represents the total extent of Defendant's monetary obligations under this Agreement.

69. "**Settlement Website**" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Motion for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The URL/domain name of the Settlement Website shall be agreed upon by the Parties. The Settlement Website shall remain online and operable for at least six months after Final Approval.

70. "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III. <u>Settlement Fund</u>

71. Within 30 days following Preliminary Approval, Defendant shall fund or cause to



Doc ID: [illegible]

fund an initial payment of $250,000, as directed by the Settlement Administrator into the Escrow Account, which shall be available to cover Settlement Administration, Notice, Costs and Expenses incurred prior to entry of the Final Approval Order and Final Judgment, and Defendant shall pay the balance of $2,650,000 into the Settlement Fund 30 days after the Effective Date. Defendant shall not be responsible for any other payments under the Settlement. The Settlement Fund will be used to pay all Settlement Administration Costs, any Court-awarded attorneys' fees, costs, expenses, and Service Awards, and all Settlement Class Member Benefits. The timing set forth in this provision is contingent upon Defendant's receipt of a Form W-9 and payment instructions from the Settlement Administrator for the Settlement Fund by the date that the Preliminary Approval Order is issued. If Defendant does not receive this information by the date that the Preliminary Approval Order is issued, the initial payment specified by this paragraph shall be made within thirty (30) Days after Defendant receives this information.

72. The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1 at all times since creation of the Escrow Account. The funds in the Escrow Account shall earn interest for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed for any reasons, including for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Settlement Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Settlement Class Counsel harmless for all taxes (including,



Doc ID: 42792100907666795f0423a6f9c37822525f07e3644a

without limitation, taxes payable by reason of any such indemnification).

73. ***Use of Settlement Fund.*** The Settlement Fund shall be used solely to pay the following, and in no other manner:

a. Valid Claims submitted by Settlement Class Members, including reimbursement for documented losses and *pro rata* cash payments, as applicable;

b. Court-approved attorneys' fees and litigation expenses;

c. Court-approved Service Awards to the Class Representatives;

d. Settlement Administration Costs; and

e. Any applicable taxes and tax-related expenses.

74. No portion of the Settlement Fund shall revert to Defendant following the Effective Date. Defendant shall have no responsibility or liability whatsoever for the administration, investment, or distribution of the Settlement Fund after it has been funded in accordance with this Agreement.

75. ***Order of Distribution.*** Following the Effective Date and after payment of Administration Costs, Court-approved attorneys' fees and expenses, Service Awards, and applicable taxes, the Settlement Administrator shall distribute the Net Settlement Fund in the following order:

a. Valid Claims for documented losses, paid up to any applicable individual cap;

b. The cost of credit monitoring;

c. Pro rata cash payments to Settlement Class Members who submitted Valid Claims for such relief; and

d. Any other relief expressly approved by the Court.



Doc ID: [illegible]

76. *Pro rata* cash payments shall be increased or decreased on a proportional basis as necessary to exhaust the Net Settlement Fund.

77. In the event this Agreement is voided, terminated, or cancelled due to lack of approval from the Court or any other reason: (i) the Settlement Class Representatives and Settlement Class Counsel shall have no obligation to repay any of the Settlement Administration Costs that have been paid or incurred in accordance with the terms and conditions of this Agreement; (ii) any amounts remaining in the Settlement Fund after payment of Settlement Administration Costs paid or incurred in accordance with the terms and conditions of this Agreement, including all interest earned on the Settlement Fund net of any taxes, shall be returned to those who paid the Settlement Payment; and (iii) no other person or entity shall have any further claim whatsoever to such amounts.

## IV. <u>Certification of the Settlement Class</u>

78. Following execution of this Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the motion for preliminary approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

79. In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if: (1) a Final Approval Order is not issued; (2) the Effective Date does not occur; or (3) the Agreement is otherwise terminated, then any certification of the Settlement Class shall be null and void, and for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify

a class. Plaintiffs and Settlement Class Counsel shall not reference this Agreement, any negotiations of this Agreement, or any action relating to the Agreement, including the Motion for Preliminary Approval, in support of any subsequent motion for class certification of any class in the Action.

## V. Settlement Benefits

80. Settlement Class Members shall have until the Claim Form Deadline to submit a Claim. When submitting a Claim, Settlement Class Members may choose Cash Payment A – Documented Losses and/or Cash Payment B – Pro Rata Cash Payment. All Settlement Class Members shall also have the option to submit a claim for the Credit Monitoring, in addition to or in lieu of the Cash Payments. If a Settlement Class Member does not submit a Valid Claim or opt-out of the Settlement, the Settlement Class Member will release his or her claims against Defendant without receiving a Settlement Class Member Benefit.

### a. Cash Payment A – Documented Losses

Settlement Class Members may submit a Claim for a Cash Payment for up to $5,000.00 per Settlement Class Member, subject to *pro rata* adjustment as addressed below, upon presentation of documented losses related to the Data Incident that were incurred between February 4, 2024, and the Claim Form Deadline. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documented losses. Settlement Class Members will be required to submit reasonable and sufficient documentation supporting the losses. By way of example, reimbursable losses may include, but are not limited to, out-of-pocket credit monitoring costs incurred, out-of-pocket losses associated with any fraud or identity theft, such as loss of funds, bank fees, long-distance phone charges, postage, travel expenses, etc. Settlement Class Members shall not be



Doc ID: [illegible]

reimbursed for expenses if they have been reimbursed for the same expenses by another source, including, without limitation, compensation provided in connection with any identity protection and credit monitoring services. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected.

**b. Cash Payment B – Pro Rata Cash Payment**

In addition to Cash Payment A – Documented Losses above, a Settlement Class Member may also elect to receive Cash Payment B – Pro Rata Cash Payment, which is a cash payment currently estimated to be $100.00, subject to a *pro rata* adjustment as addressed further below. Claimants electing either Cash Payment A or B shall also be entitled to receive Credit Monitoring, as defined above.

81. ***Pro Rata* Adjustments on Cash Payments** – Cash Payments will be subject to a *pro rata* increase in the event the value of the Valid Claims, combined with the Settlement Administration Costs and court-approved Service Awards and Attorneys' Fees, Costs and Expenses, are insufficient to exhaust the entire Settlement Fund. Similarly, in the event the value of the Valid Claims, combined with the Settlement Administration Costs and court-approved Service Award and Attorneys' Fees, Costs and Expenses exhausts or exceeds the amount of the Settlement Fund, the amount of the Cash Payments will be reduced *pro rata* accordingly. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds for Cash Payment A – Documented Losses, and then for Cash Payment B – Pro Rata Cash Payments. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.



Doc ID: [illegible]

82. **Credit Monitoring**. In addition to electing any of the other benefits, Settlement Class Members may claim three years of CyEx's Financial Shield Total with one-bureau Credit Monitoring that will provide the following benefits: one-bureau credit monitoring, dark web monitoring, identity theft insurance coverage for up to $1,000,000, and fully managed identity recovery services.

83. **Business Practice Changes** – Defendant has undertaken reasonable steps to further secure its systems and environments. Any costs associated with such measures have been or shall be borne by Defendant separately and apart from the Settlement Fund

## VI. Settlement Approval

84. Following execution of this Agreement by all Parties and Settlement Class Counsel, Settlement Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Settlement Class Counsel and Defendant.

85. The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claims Process; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint the Plaintiffs who sign this agreement as Settlement Class Representatives, and Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Settlement Class Counsel, for Settlement purposes; (7) stay the Action pending Final Approval of the Settlement;



Doc ID: [illegible]

and (8) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Settlement Class Counsel, and Defendant's Counsel.

## VII. Settlement Administrator

86. The Parties agree that, subject to Court approval, Simpluris, Inc. shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

87. The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and distributing the Settlement Class Member Benefits.

88. The Settlement Administrator's duties include:

a. Providing CAFA Notice;

b. Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice or Postcard Notice, sending out Long Form Notices and paper Claim Forms on request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and distributing the Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims;

c. Ensuring the dissemination of emails to Settlement Class Members instructing how to activate the Credit Monitoring product;

d. Establishing and maintaining the Settlement Fund and the Escrow Account



Doc ID: 42792106036566795f9a23a6f9c73f32258a5f0e3f44a

approved by the Parties;

e. Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

f. Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

g. Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

h. Responding to any mailed Settlement Class Member inquiries;

i. Processing all opt-out requests from the Settlement Class and promptly providing copies to Settlement Class Counsel and Defendant's Counsel;

j. Providing weekly reports to Settlement Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, the number of Claims for each form of Settlement Class Member Benefit, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

k. Make available for inspection by Settlement Class Counsel or Defendant's Counsel the Claim Forms received by the Settlement Administrator at any time upon reasonable notice;

l. Within seven days after the Opt-Out Period ends, the Settlement Administrator shall provide the Settlement Class Counsel and Defendant's Counsel a complete and final list of all Opt-Outs;

m. Within seven days after the Objection Period ends, the Settlement Administrator shall provide the Settlement Class Counsel and Defendant's Counsel with a copy of all objections submitted;

n. In advance of the Final Approval Hearing, preparing a declaration for the Parties confirming that the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

o. Distributing, out of the Net Settlement Fund, Cash Payments by electronic means or by paper check;

p. Paying Court-approved Attorneys' Fees, Costs and Expenses, and Service Awards out of the Settlement Fund;

q. Paying Settlement Administration Costs out of the Settlement Fund following approval by the Parties; and

r. Any other Settlement administration function at the instruction of Settlement Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments access information have been properly distributed.

## VIII. <u>Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures</u>

89. Defendant will make available to the Settlement Administrator the Class List no later than 10 days after entry of the Preliminary Approval Order. To the extent necessary, Defendant



Doc ID: 42792100907e6d7957942330769737225257c7364a

will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

90. Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court.

91. The Email and Postcard Notice shall include, among other information: a description of the material terms of the Settlement; a link to the Settlement Website where a Claim may be submitted or a Claim Form that can be mailed directly to the Settlement Administrator, respectively; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for Settlement Class Members to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Motion for Attorneys' Fees, Costs, and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Settlement Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. Before Notices are sent, the Settlement Administrator shall provide Settlement Class Counsel and Defendant's Counsel with proof copies (reflecting what the items will look like in their final form) so they may inspect the same for compliance with the Settlement Agreement and any orders of the Court. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

92. The Settlement Administrator shall establish the Settlement Website as soon as



Doc ID: [illegible]

practicable following entry of the Preliminary Approval Order, but no later than the day before Notice is first initiated, with the URL/domain name of the website address to be agreed upon by the Parties. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

93. The Long Form Notice shall be in a form substantially similar to that attached hereto as ***Exhibit 3*** and also shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement Administrator postmarked no later than 60 days after the Notice Date. The Email and Postcard Notice shall direct Settlement Class Members to the Settlement Website to obtain the opt-out instructions.

94. A Settlement Class Member may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

95. Settlement Class Members cannot opt-out by telephone or by email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Classes, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed. Any such purported opt-out

request(s) shall be void, and the Settlement Class Member(s) who is or are the subject of such purported opt-out requests shall be treated as a Settlement Class Member and be bound by this Settlement Agreement, including the Release contained herein, and judgment entered thereon, unless he or she submits a valid and timely opt-out request in accordance with the provisions of paragraph 92 of this Agreement.

96. The Long Form Notice also shall explain the procedure for Settlement Class Members to object to the Settlement and/or Motion for Attorneys' Fees, Costs, Expenses, and Service Awards, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Settlement Website and Long Form Notice to obtain the objection instructions.

97. Objections must be filed with the Court and sent by U.S. Mail to Settlement Class Counsel (at the address provided in paragraph 159), Defendant's Counsel (at the address provided in paragraph 159), and the Settlement Administrator. For an objection to be considered by the Court, the relevant Settlement Class Member must submit the objection no later than the last day of the Objection Period, as specified in the Notice, and the relevant Settlement Class Member must not have excluded herself from the Settlement Class. If submitted by mail, an objection shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

98. For an objection to be considered by the Court, the objection must also set forth:

a. the objector's full name, mailing address, telephone number, and email address (if any);

b. the case name and case number;



Doc ID: 42792100907f96d79f5f9428a6f9c737d2252a7f0c364a

c. all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d. the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e. the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or the Motion for Attorneys' Fees, Costs, Expenses and Service Awards, and whether they will appear at the Final Approval Hearing;

f. the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

g. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i. the objector's signature (an attorney's signature is not sufficient).

99. The Settlement Administrator shall perform reasonable address traces for Postcard



Doc ID: 42792100907e6d795f9420a76b7392258707364a

Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. As early as practicable, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

100. The Settlement Administrator shall perform reasonable email address traces for Email Notices that are returned as undeliverable. As early as practicable, the Settlement Administrator shall complete the re-emailing of Email Notice to those Settlement Class Members whose new email addresses were identified as of that time through address traces.

**IX. <u>Claim Form Process and Disbursement of Settlement Class Member Benefits</u>**

101. The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

102. Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

103. The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

104. The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form.



Doc ID: [illegible]

The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. If the Settlement Administrator identifies any Claim Form that appears to be a duplication, the Settlement Administrator shall contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

105. The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the claims process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

106. Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator shall send a Notice of Deficiency explaining what information is missing or inaccurate. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15



Doc ID: 427921c0907e56d7957d42d3a76b737e2c5a5f0e3644a

days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Claimant shall be deemed to have not satisfied the requirements and therefore shown a desire to receive a Pro Rata Cash Payment. The Settlement Administrator shall send a Pro Rata Cash Payment to such Claimants in lieu of any other payment.

107. Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a. Failure to fully complete and/or sign the Claim Form;

b. Illegible Claim Form;

c. The Claim Form is fraudulent;

d. The Claim Form is duplicative of another Claim Form;

e. The Claimant is not a Settlement Class Member;

f. The Claimant submitted a timely and valid request to opt out of the Settlement Class;

g. The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h. Failure to submit a Claim Form by the Claim Form Deadline; and/or

i. The Claim Form otherwise does not comply with the requirements of this Settlement.

108. The Settlement Administrator's reduction or denial of a Claim is final, subject to



Doc ID: [illegible]

the following dispute resolution procedures:

a. The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims;

b. A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph;

c. If a Claim is rejected, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Settlement Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants;

d. If a Settlement Class Member receives notice that the Settlement Administrator has determined that the deficiencies it has identified have not been cured, the Settlement Class Member may request an appeal in writing, including any supporting documents. The appeal must be submitted within seven days of the Settlement Administrator sending the notice. In the event of an appeal, the Settlement Administrator shall provide the Parties with all relevant documentation regarding the appeal. The Parties will confer regarding the appeal. If they agree on a disposition of the appeal, that disposition will be final and non-appealable. If they cannot agree on disposition of the appeal, the dispute will be submitted to the Settlement Administrator for final, non-appealable disposition. In reaching disposition, the Settlement Administrator is authorized to communicate with counsel for the Parties separately or collectively; and

e. The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

109. No decision of the Settlement Administrator shall be deemed to constitute a finding, admission, or waiver by Defendant as to any matter of fact, law, or evidence having any collateral effect on any proceedings in any forum or before any authority.



Doc ID: 42792100037d6d6a795f79c4230a76f9c737932585f07e36f44a

110. The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Settlement Class Counsel or Defendant's Counsel. Additionally, Settlement Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

111. No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Settlement Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

112. The Settlement Administrator shall distribute the Settlement Class Member Benefits no later than 30 days after the Effective Date.

113. Cash Payments will be made by electronic payment (subject to the approval of Settlement Class Counsel) or by paper check for Valid Claims, based on the method selected by the Settlement Class Member on the submitted Claim Form. In the event of any complications arising in connection with the issuance of an electronic payment, the Settlement Administrator shall provide written notice to Settlement Class Counsel and Defendant's Counsel. In the event the Settlement Administrator is unable to distribute funds to the person or persons entitled to receive them due to incorrect or incomplete information provided by the Settlement Class Member to the Settlement Administrator, the funds shall become residual funds, and the Settlement Class Member shall forfeit their entitlement to the funds.



Doc ID: [illegible]

## X. <u>Final Approval Order and Final Judgment</u>

114. Settlement Class Counsel shall move the Court for a Final Approval Order and Judgment of this Settlement, to be issued following the Final Approval Hearing. Counsel for the Parties shall request that the Court set a date for the Final Approval Hearing no earlier than 120 days after entry of the Preliminary Approval Order. Settlement Class Counsel shall provide Defendant's Counsel with a draft of the motion for final approval within a reasonable time frame prior to filing same to ensure that any requested revisions from Defendant are addressed.

115. Plaintiffs shall file their Motion for Final Approval of the Settlement no later than 21 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Motion for Attorneys' Fees, Costs, Expenses, and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Motion for Attorneys' Fees, Costs, Expenses, and Service Awards provided the objectors submitted timely objections that meet all of the requirements listed in this Agreement.

116. At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Motion for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

a. Determine that the Settlement is fair, adequate and reasonable;

b. Finally certify the Settlement Class for settlement purposes only;

c. Determine that the Notice Program satisfies Due Process requirements;

d. Bar and enjoin all Releasing Parties from asserting or otherwise pursuing



Doc ID: [illegible]

any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e. Release Defendant and the other Released Parties from the Released Claims; and

f. Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI. Attorneys' Fees, Costs, Expenses and Service Awards

117. At least 14 days prior to the last day of the Opt-Out Period and Objection Period, Settlement Class Counsel shall file the motion requesting an award of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of reasonable costs and expenses incurred related to the Action. The attorneys' fees, cost and expense awards approved by the Court (the "Fee Award") shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Settlement Class Counsel within thirty (30) days of the Effective Date.

118. In recognition of the time and effort the Settlement Class Representatives expended in pursuing this Action and in fulfilling their obligations and responsibilities to the Settlement Class, and of the relief conferred on all Settlement Class Members by the Settlement, Settlement Class Counsel shall request a Service Award for the Settlement Class Representatives in an amount not to exceed $2,500.00 each. The Service Awards shall be separate and apart from the Settlement Class Representatives' entitlement to Settlement Class Member Benefits. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund within thirty (30) days of the Effective Date.



Doc ID: 42792100907e5d6a795f0c423ac769c73f22b25d07c3144a

119. This Settlement is not contingent on approval of the request for attorneys' fees, costs, expenses, or Service Awards, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees, costs, expenses, and Service Awards were negotiated after all other material terms of the Settlement. The amount and timing of the attorneys' fees, costs and expenses award and any Service Award are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement. Any order modifying or reversing, in whole or in part, the award of attorneys' fees, litigation expenses, or service awards shall not affect the validity or finality of the Settlement and shall not constitute grounds for termination of this Agreement.

120. Should the Court award less than the amount sought by Settlement Class Counsel for either the attorneys' fees, costs and expenses award or the Service Awards, the difference in the amount sought and the amount ultimately awarded shall remain in the Settlement Fund for distribution to eligible Settlement Class Members.

121. Settlement Class Counsel agree to hold Defendant harmless from any claim regarding the division of any Fee Award, and any claim that the term "Settlement Class Counsel" fails to include any counsel, person, or firm who claims that they are entitled to a share of any award of attorneys' fees, costs, and expenses in this Action.

122. Beyond making the payments into the Escrow Account in the total amount of $2,900,000.00 as addressed in paragraph 69, Defendant shall have no responsibility for, interest in, or liability whatsoever with respect to any distribution or allocation of any Fee Award or any Service Awards. To the extent the Effective Date does not occur, Plaintiffs shall have no right to receive any Service Awards and Settlement Class Counsel shall have no right to receive any Fee

Award.

**XII. __Disposition of Residual Funds__**

123. The funds in the Settlement Fund shall be distributed to Settlement Class Members until it is no longer financially practicable (i.e., defined as resulting in payments of $3.00 or less, the cost of which outweighs the benefit to Settlement Class Members) to do so, by way of supplemental pro rata payments to Settlement Class Members making valid claims. In the event there are funds remaining in the Settlement Fund 20 days following the 90-day period to negotiate electronic payments or cash checks (including all reissued checks), following payment of Settlement Class Member Payments, any residual funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient approved by the Court. The Parties agree to propose the Maryland Bar Foundation, Inc. as the *cy pres* recipient.

**XIII. __Releases__**

124. The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the claims asserted in the Action and any and all Released Claims, as against all Released Parties.

125. Upon the Effective Date, and in consideration of the settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims as defined in Paragraph 52.

126. The Released Claims include the release of Unknown Claims. "Unknown Claims" means any of the Released Claims that could have been raised in the Action and that any of the Releasing Parties do not know to exist or suspect to exist, which, if known by them, might affect

their agreement to release Defendant and all other Released Parties, or might affect their decision whether to agree, object, or participate in the Settlement. Plaintiffs (on behalf of themselves and each Settlement Class Member) may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Plaintiffs expressly shall have, and all other Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. Upon the Effective Date, the Plaintiffs expressly shall have, and all other Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, expressly waived and relinquished for the Released Claims, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

127. Upon the Effective Date, the Plaintiffs expressly shall have, and all other Releasing Parties also shall be deemed to have, and by operation of the Final Approval Order shall have, waived for the Released Claims any and all provisions, rights and benefits conferred by any law of any state or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Settling Parties acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order



Doc ID: 427921c9007b6d4757f9c423a76fc73f9e25b57c736d4a

to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

128. The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

129. Plaintiffs or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to the Released Claims and all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

130. Settlement Class Members who opt-out of the Settlement (thus leaving the Settlement Class) prior to the end of the Opt-Out Period do not release their claims and will not obtain any benefits, including any Settlement Class Member Benefit, under the Settlement.



Doc ID: 427921c0907e56d795f0a2c3a70c7a2d2585f0e6d4a

131. Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

132. The Final Approval Order and Final Judgment shall provide that the Action is dismissed with prejudice as to the Plaintiffs and all Settlement Class Members.

133. The Released Claims shall be included within the Final Approval Order so that all claims released thereby shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion (the "**Released Class Claims**"). The Released Class Claims shall constitute and may be raised as a complete defense to any proceeding arising from, relating to, or filed in connection with the Released Class Claims.

## XIV. <u>Termination of Settlement</u>

134. This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a. Court approval of the Settlement consideration and the Releases set forth in this Agreement;

b. The Court has entered the Preliminary Approval Order;

c. The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d. The Effective Date has occurred.

135. If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition to approval of the Settlement to which the Parties do not consent, then, unless the Parties agree otherwise in an executed writing, this Agreement shall be cancelled and terminated.

136. Additionally, Defendant shall have the sole option to terminate this Agreement if 500 or more Settlement Class Members opt-out of the Settlement. Defendant may notify Settlement Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Paragraph no later than 10 days after receipt of the final list of opt-outs from the Settlement Administrator, or the option to terminate shall be considered waived.

137. In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement, as well as any documentation relating to the Agreement (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and, if applicable, the Final Approval Order and Final Judgment), shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

138. In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiffs, Settlement Class Counsel, or the Settlement Administrator the



Doc ID: [illegible]

Settlement Administration Costs incurred and/or paid up to the date of termination. After payment of any Settlement Administration Costs that have been incurred and are due to be paid from the Settlement Fund, the Settlement Administrator shall return the balance of the Settlement Fund to Defendant within 20 days of termination.

139. Nothing shall prevent Plaintiffs or Defendant from appealing or seeking other appropriate relief from an appellate court with respect to any denial by the Court of final approval of the Settlement.

## XV. <u>Effect of Termination</u>

140. The grounds upon which this Agreement may be terminated are set forth in Section XV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Settlement Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

141. In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI. <u>No Admission of Liability</u>

142. This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession

of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Action. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

143. Settlement Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Settlement Class Counsel have investigated the facts and law relevant to the merits of the claims, conducted informal discovery, and conducted independent investigation of the alleged claims. Settlement Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

144. This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

145. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members,



Doc ID: [illegible]

or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

146. In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII. <u>Miscellaneous Provisions</u>

147. ***Gender and Plurals***. As used in this Agreement, the masculine, feminine, or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

148. ***Headings***. The headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

149. ***Invalidity***. In the event that one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect the other provisions of the Settlement Agreement, which shall remain in full force and effect as though the invalid, illegal, or unenforceable provision(s) had never been a part of this Settlement Agreement, as long as the benefits of this Settlement Agreement to Defendant and the Settlement Class Members are not materially altered, positively or negatively, as a result of the invalid, illegal, or unenforceable provision(s).

150. ***Third-Party Claims***. In the event a third party, such as a bankruptcy trustee, former

spouse, or other third party has or claims to have a claim against any payment made to a Settlement Class Member, it is the responsibility of the Settlement Class Member to transmit the funds to such third party. Unless otherwise ordered by the Court, the Parties will have no, and do not agree to any, responsibility for such transmittal.

151. ***Press Releases.*** If any press release is to be issued by a Party, including their respective counsel, concerning the Settlement, the language of such press release must be approved in advance and in writing by the other Party. Otherwise, the Parties, and the Parties' counsel, shall not issue any press releases or make any postings on social media or the world wide web about this Action or the Settlement, other than what is posted by the Settlement Administrator on the Settlement Website.

152. ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

153. ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

154. ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

155. ***Integration of Exhibits.*** The exhibits to this Agreement are a material part of the Settlement and are incorporated and made a part of the Agreement.

156. ***Integration and No Reliance***. This Agreement, including all exhibits hereto, constitutes a single, integrated written contract expressing the entire agreement of the Parties

relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

157. ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

158. ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Maryland, without regard to the principles thereof regarding choice of law.

159. ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of a PDF shall be deemed an original.

160. ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released



Doc ID: [illegible]

Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

161. ***Notices***. All notices provided for herein, shall be sent by email with a hard copy sent by overnight mail to:

If to Plaintiffs or Settlement Class Counsel:

Nicholas A. Migliaccio
**MIGLIACCIO & RATHOD, LLP**
412 H Street, NE, Suite 302
Washington, DC 20002
nmigliaccio@classlawdc.com

Jessica A. Wilkes
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
E: jaw@federmanlaw.com

Cassandra P. Miller
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
cmiller@straussborrelli.com

If to Defendant or Defendant's Counsel:

Jill H. Fertel
**Cipriani & Werner PC**
Three Valley Square, Suite 305
12 E. Township Line Road
Blue Bell, PA 19422
jfertel@c-wlaw.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

162. ***Modification and Amendment***. This Agreement may not be amended or modified, except by a written instrument signed by all the Parties or their successors in interest and, if the



Doc ID: 42792100375567957f94230a769c7392258a5f0c36d4a

Settlement has been approved preliminarily by the Court, approved by the Court. The Parties contemplate that, subject to Court approval or without such approval where legally permissible and consistent with any orders of the Court in this proceeding, the exhibits to this Agreement may be modified by subsequent Agreement of counsel for the Parties prior to dissemination of the Notice to the Settlement Class.

163. ***No Waiver***. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

164. ***Authority***. Settlement Class Counsel (for the Plaintiffs and the Settlement Class Members), and Defendant's Counsel, represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiffs and Defendant respectively to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

165. ***Other Litigation***. Plaintiffs and Settlement Class Counsel will not cooperate with or encourage any action or filing of claims against Defendant or any Released Parties related to any of the Released Claims.

166. ***Deadlines***. If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this agreement shall refer to calendar days unless otherwise specified.

167. ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute,



Doc ID: [illegible]

case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

168. ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge that they had the right and ability to retain experts and specialists and that they reviewed and analyzed data that they and their experts and specialists, as applicable, used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement, which was negotiated in good faith and at arm's length, is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

169. ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.



Doc ID: [illegible]

*Signature Page to Follow*

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: 03/31/2026

**Christopher Amrine**

By:______________________________

Christopher Amrine, individually and as representative of the Class

Dated:

**Alex Norwood**

By:______________________________

Alex Norwood, individually and as representative of the Class

Dated:

**Kipen Henry**

By:______________________________

Kipen Henry, individually and as representative of the Class

Dated:

**Kelly Frolo**

By:______________________________

Kelly Frolo, individually and as representative of the Class

Dated:

**Phillip Lamb**



Doc ID: d2091c09379bd797f7cec3a7f9c37e2585f0e3fd

**IT IS SO AGREED TO BY THE PARTIES:**

Dated:

**Christopher Amrine**

By:________________________________

Christopher Amrine, individually and as representative of the Class

Dated: 04 / 03 / 2026

**Alex Norwood**

By:________________________________

Alex Norwood, individually and as representative of the Class

Dated:

**Kipen Henry**

By:________________________________

Kipen Henry, individually and as representative of the Class

Dated:

**Kelly Frolo**

By:________________________________

Kelly Frolo, individually and as representative of the Class

Dated:

**Phillip Lamb**



Doc ID: [illegible]

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: **Christopher Amrine**

By:______________________________

Christopher Amrine, individually and as representative of the Class

Dated: **Alex Norwood**

By:______________________________

Alex Norwood, individually and as representative of the Class

Dated: 4/1/2026 **Kipen Henry**

By: Signed by: [signature] D3A5AF6E59A8442...

Kipen Henry, individually and as representative of the Class

Dated: **Kelly Frolo**

By:______________________________

Kelly Frolo, individually and as representative of the Class

Dated: **Phillip Lamb**

**IT IS SO AGREED TO BY THE PARTIES:**

Dated: 03/31/2026

**Christopher Amrine**

By:______________________________

Christopher Amrine, individually and as representative of the Class

Dated:

**Alex Norwood**

By:______________________________

Alex Norwood, individually and as representative of the Class

Dated:

**Kipen Henry**

By:______________________________

Kipen Henry, individually and as representative of the Class

Dated: 04/07/26

**Kelly Frolo**

By: Kelly Frolo
Kelly Frolo (Apr 7, 2026 11:00:01 EDT)

Kelly Frolo, individually and as representative of the Class

Dated:

**Phillip Lamb**



Doc ID: d2091c09379bd797f7cec3a7f9c37e2585f0e3fd

By: ______________________

Phillip Lamb, individually and as representative of the Class

Dated:

**J.J.F. Management Services, Inc.**

By: ______________________

Name: ______________________

Title: __

**IT IS SO STIPULATED BY COUNSEL:**

**SETTLEMENT CLASS COUNSEL**

______________________
Nicholas Migliaccio
Migliaccio & Rathod LLP

______________________
Cassandra Miller
Strauss Borrelli PLLC

______________________
Jessica Wilkes
Federman & Sherwood

**COUNSEL FOR DEFENDANT**

______________________
Jill Fertel
Cipriani & Werner PC



Doc ID: d2091c09379bd797f7cec3a7f9c37e2585f0e3fd

By:________________________________

Phillip Lamb, individually and as representative of the Class

Dated:

**J.J.F. Management Services, Inc.**

By:________________________________

Name:______________________________

Title:__

**IT IS SO STIPULATED BY COUNSEL:**

**SETTLEMENT CLASS COUNSEL**

Nicholas Migliaccio

____________________________

Nicholas Migliaccio
Migliaccio & Rathod LLP

____________________________

Cassandra Miller
Strauss Borrelli PLLC

____________________________

Jessica Wilkes
Federman & Sherwood

**COUNSEL FOR DEFENDANT**

____________________________

Jill Fertel
Cipriani & Werner PC



Doc ID: d2091c09379bd797f7cec3a7f9c37e2585f0e3fd

By:______________________

Phillip Lamb, individually and as representative of the Class

Dated:

**J.J.F. Management Services, Inc.**

By:______________________

Name: Gregg J. Steinbarth

Title: General Counsel

**IT IS SO STIPULATED BY COUNSEL:**

**SETTLEMENT CLASS COUNSEL**

______________________
Nicholas Migliaccio
Migliaccio & Rathod LLP

______________________
Cassandra Miller
Strauss Borrelli PLLC

______________________
Jessica Wilkes
Federman & Sherwood

**COUNSEL FOR DEFENDANT**

______________________
Jill Fertel
Cipriani & Werner PC



Doc ID: d2091c09379bd797f7cec3a7f9c37e2585f0e3fd

# — EXHIBIT 1 —

**Your claim must be submitted online or postmarked by: [Claims Deadline]**

***In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*** Case No. 8:25-cv-1377-PX

United States District Court of Maryland

**DATA INCIDENT SETTLEMENT CLAIM FORM**

**Your claim must be submitted online or postmarked by: [Claims Deadline]**

## GENERAL INSTRUCTIONS

**Who is eligible to file a claim?** The court has defined the Class this way: "All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident."

In this sentence, "Personal Information" means information collected by Defendant, directly or indirectly, pertaining to its current and former customers and employees, including, but not limited to their names, addresses, dates of birth, driver's license numbers, social security numbers, and financial account information.

**Excluded from the Settlement Class** are: (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) government entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

**COMPLETE THIS CLAIM FORM IF YOU ARE A CLASS MEMBER AND WISH TO RECEIVE ONE OR MORE OF THE FOLLOWING SETTLEMENT BENEFITS**

## AVAILABLE BENEFITS

JJF will establish a Settlement Fund of $2,900,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three years of CyEx Financial Shield Total. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENTS**



Doc ID: [illegible]

Your claim must be submitted online or postmarked by: [Claims Deadline]

***In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*** Case No. 8:25-cv-1377-PX
United States District Court of Maryland

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Your claim must be submitted online or postmarked by: [Claims Deadline]

**Cash Payment A – Documented Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between February 4, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone are not enough to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Cash Payment B – Pro Rata Cash Payment.** *Instead of* Cash Payment A, you may claim a one-time cash payment. This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: JJF Data Incident Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

**THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

An electronic image of the completed Claim Form can also be emailed to info@[SettlementWebsite].com

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

| Your claim must be submitted online or postmarked by: [Claims Deadline] |
|---|

***In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*** Case No. 8:25-cv-1377-PX
United States District Court of Maryland

**DATA INCIDENT SETTLEMENT CLAIM FORM**



| Your claim must be submitted online or postmarked by: [Claims Deadline] |
|---|



**You must submit your Claim Form online, by mail, or by email no later than [Claims Deadline].**



Doc ID: [illegible]

Your claim must be submitted online or postmarked by: [**Claims Deadline**]

***In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*** Case No. 8:25-cv-1377-PX
United States District Court of Maryland

**DATA INCIDENT SETTLEMENT CLAIM FORM**

Your claim must be submitted online or postmarked by: [**Claims Deadline**]

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Print your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this claim form. All fields are required. **Please print legibly.**

First Name ______ Last Name ______

Street Address ______

City ______ State ______ Zip Code ______

Email Address ______ Phone Number ______ Notice ID (if known) ______

## II. CREDIT MONITORING

☐ Check this box if you would like to enroll in three years of CyEx Financial Shield Total credit monitoring.

## III. CASH PAYMENT A – DOCUMENTED LOSSES

☐ Check this box if you would like to claim reimbursement for documented losses due to identity theft or fraud. You can get back up to $5,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING A PAYMENT FROM SECTION IV**.

*Please complete the table below, describing the supporting documentation you are submitting.*

| ***Description of Documentation Provided*** | ***Amount*** |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

| Your claim must be submitted online or postmarked by: [Claims Deadline] | *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation* Case No. 8:25-cv-1377-PX<br>United States District Court of Maryland<br>**DATA INCIDENT SETTLEMENT CLAIM FORM** | Your claim must be submitted online or postmarked by: [Claims Deadline] |
|---|---|---|

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## IV. CASH PAYMENT B – PRO RATA CASH PAYMENT

☐ Check this box if you want to claim a one-time Pro Rata Cash Payment. This payment is expected to be $100.00, but may be larger or smaller depending on the total claims filed

**DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING A PAYMENT FROM SECTION III**.

## V. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PayPal**
Email address, if different than you provided in Section 1:______________________________

☐ **Venmo**
Mobile number, if different than you provided in Section 1:_____________________________________

☐ **Zelle**
Email address or mobile number, if different than you provided in Section 1:___________________________________

☐ **Virtual Prepaid Card**
Email address, if different than you provided in Section 1:______________________________

☐ **Physical Check**
Payment will be mailed to the address provided in Section 1.

## VI. ATTESTATION & SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

______________________ ______________________ ______________________
Signature Printed Name Date

**Questions? Call 1-XXX-XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# — EXHIBIT 2 —

**TO:** «Email Address»
**FROM:** "Fitzgerald Auto Malls Data Incident Settlement" «info@[SettlementWebsite].com»
**SUBJECT:** Fitzgerald Auto Malls Data Incident Settlement – You are Eligible to File a Claim

---

**LEGAL NOTICE**

*In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*
Case No. 8:25-cv-1377-PX
United States District Court of Maryland

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2024 FITZGERALD AUTO MALLS DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

Dear «First» «Last»:

A Settlement has been reached with J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("Fitzgerald Auto Malls") in a class action lawsuit about the February 2024 cyberattack on Fitzgerald Auto Malls' computers (the "Data Incident"). Files containing private information were accessed.

Fitzgerald Auto Malls denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation.

A copy of the Settlement is available at www.[SettlementWebsite].com.

**Who is included in the Settlement?** The Court has defined the class as: "All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident."

In this sentence, "Personal Information" means information collected by Defendant, directly or indirectly, pertaining to its current and former customers and employees, including, but not limited to their names, addresses, dates of birth, driver's license numbers, social security numbers, and financial account information..

The Court has appointed experienced attorneys, called Class Counsel, to represent the Class.

**What are the Settlement benefits?** You can claim three years of CyEx Financial Shield Total **Credit Monitoring** and one of two Cash Payment options.

**Cash Payment A – Documented Losses:** If you have documented losses you can get back up to $5,000.00.

**Cash Payment B – Pro Rata Cash Payment:** *instead of* Cash Payment A, you can get a one-time payment, currently estimated to be $100.00.

**How do I receive a benefit?** Visit www.[SettlementWebsite].com to submit your claim.

To receive a paper copy and submit by US Mail, call 1-XXX-XXX-XXXX, or email your request to info@[SettlementWebsite].com. **Claims must be submitted online, mailed, or emailed by [Claims Deadline]**.

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Opt-Out Deadline**] or you will not be able to sue Fitzgerald Auto Malls for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by [**Objection Deadline**]. The Settlement Agreement, available on the Settlement website at www.[SettlementWebsite].com, explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on [FA Hearing Date] at the [Court Address], to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees of up to one-third of the Settlement Fund; reimbursement of litigation costs; and $2,500 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

This notice email is only a summary. For more information, call 1-XXX-XXX-XXXX or click here: **www.[SettlementWebsite].com**.

**User ID:** «User ID»

# — EXHIBIT 3 —

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*
Case No. 8:25-cv-1377-PX
United States District Court of Maryland

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2024 FITZGERALD AUTO MALLS DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("JJF" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on JJF's computer systems that occurred in February 2024 (the "Data Incident"). Certain files that contained private information were accessed. These files may have contained personal information such as names; Social Security numbers; dates of birth; driver's license numbers; state issued ID numbers; and financial account information.

- The lawsuit is called *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*, Case No. 8:25-cv-1377-PX. It is pending in the United States District Court of Maryland (the "Litigation").

- JJF denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- JJF's records indicate that you are a Class Member, and entitled to benefits under the Settlement. You may have received a previous notice directly from JJF.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | **_______, 2025** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendants related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | **_______, 2025** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | **_______, 2025** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION .................... 3
WHO IS IN THE SETTLEMENT .................... 4
THE SETTLEMENT BENEFITS .................... 4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS .................... 6
THE LAWYERS REPRESENTING YOU .................... 6
EXCLUDING YOURSELF FROM THE SETTLEMENT .................... 7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT .................... 7
THE COURT'S FINAL APPROVAL HEARING .................... 8
IF I DO NOTHING .................... 9
GETTING MORE INFORMATION .................... 9

# Basic Information

### 1. Why was this Notice issued?

The United States District Court of Maryland, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*, Case No. 8:25-cv-1377-PX. It is pending in the United States District Court of Maryland. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls, is called the "Defendant."

### 2. What is this lawsuit about?

This lawsuit alleges that during the February 2024 targeted cyberattack on JJF's computer systems, certain files that contained private information were accessed. These files may have contained personal information such as names; addresses; dates of birth; driver's license numbers; and financial account information.

### 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are Christopher Amrine; Alex Norwood; Kipen Henry; Kelly Frolo; and Phillip Lamb. Everyone included in this Action are the Class Members.

### 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Class Members.


Doc ID: 4279210907b6d795f94230a769c737922b8a70e3f4a

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident."

In this sentence, "Personal Information" means information collected by Defendant, directly or indirectly, pertaining to its current and former customers and employees, including, but not limited to their names, addresses, dates of birth, driver's license numbers, social security numbers, and financial account information.

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) government entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: JJF Data Incident Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

JJF will establish a Settlement Fund of $2,900,000.00. The Settlement Fund will first be used to pay court-approved attorneys' fees and costs, Service Award payments for the Plaintiffs, and the costs of administering the Settlement. The net remaining money will be used to pay for the benefits described below.

**CREDIT MONITORING.** All Class Members are eligible to enroll in three years of CyEx Financial Shield Total. This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENTS**

**Cash Payment A – Documented Losses.** If you incurred actual, documented out-of-pocket losses due to the Data Incident, you can get back up to **$5,000.00**. The losses must have occurred between February 4, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- losses because of identity theft or fraud
- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like bank statements or receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone are not enough to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Cash Payment B – Pro Rata Cash Payment.** *Instead of* Cash Payment A, you may claim a one-time cash payment. This payment is expected to be **$100.00**, but may be larger or smaller depending on the total claims filed. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: JJF Data Incident Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against JJF about the issues that this Settlement covers. The "Releases" section of the Settlement Agreement (Section XIII) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

JJF Data Incident Settlement



Doc ID: 42792100907b6da75f0428a6f9c7392252b5f07f364a

c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, 1-XXX-XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

### 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

### 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (***see* Question 18)**. If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

## The Lawyers Representing You

### 12. Do I have a lawyer in the case?

Yes, the Court has appointed attorneys Nicholas A. Migliaccio of Migliaccio & Rathod LLP; Cassandra P. Miller of Strauss Borrelli PLLC; and Jessica A. Wilkes of Federman & Sherwood, to represent you and other Class Members ("Class Counsel").

### 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

### 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve up to one-third of the Settlement Fund as reasonable attorneys fees, plus reimbursement of the costs of litigation. This amount will be paid from the Settlement Fund.

Class Counsel will also ask for Service Award payments of $2,500.00 for each of the Class Representatives. Service Award payments will also be paid from the Settlement Fund.

## Excluding Yourself from the Settlement

### 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue JJF on your own about the legal issues in this case.



Doc ID: 42792100076667757942306769737922585707364a

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*, Case No. 8:25-cv-1377-PX, pending in the United States District Court of Maryland;

(2) your full name, mailing address, telephone number, and email address;

(3) personal signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

JJF Data Incident Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be submitted, postmarked, or emailed by **[Opt-Out Deadline]**.

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (***see* Question 15**)

You must provide the following information for the Court to consider your objection:

(1) the name of the Litigation: *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*, Case No. 8:25-cv-1377-PX, pending in the United States District Court of Maryland;

(2) your full name, mailing address, telephone number, and email address;

(3) a clear description of all the reasons you object; include any legal support, such as documents, you may have for your objection;

(4) if you have hired your own lawyer to represent you for this objection, provide their name, bar number, and contact information;

(5) if you or your lawyer have objected in any other cases in the past five years, list the names, courts, the orders ruling on your objections, and civil action numbers for each of those cases;

(6) whether or not you or your lawyer would like to speak at the Final Approval Hearing;

(7) if you plan on calling witnesses or submitting documents at the Final Approval Hearing, provide a full list of both;

(8) your signature (if you have hired your own lawyer, their signature is not sufficient).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [**OBJECTION DATE**]. You must also send a copy of the objection to the Settlement Administrator, Class Counsel, and counsel for Defendants.

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | JJF Data Incident Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

| Class Counsel | Counsel for Defendants |
|---|---|
| Nicholas A. Migliaccio<br>**MIGLIACCIO & RATHOD, LLP**<br>412 H Street, NE, Suite 302<br>Washington, DC 20002 | Jill H. Fertel<br>**Cipriani & Werner PC**<br>Three Valley Square, Suite 305<br>12 E. Township Line Road<br>Blue Bell, PA 19422 |

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Eastern Time**, in Room [Court Room] of the United States District Court of Maryland, at [Court Address].

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award Service Award payments to the Class Representatives. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (***See* Question 16**).



Doc ID: 427921c90376d6d795f9428a67b737922557c73f4a

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: 1-XXX-XXX-XXXX
- By mail: JJF Data Incident Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**



Doc ID: 42792100307d6d7975f79c4230a7697379e325857f0e3f64a

# — EXHIBIT 4 —

JJF Data Incident Settlement
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class
Mail
US Postage
Paid
Permit #__

***In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation***

Case No. 8:25-cv-1377-PX

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE FEBRUARY 2024 FITZGERALD AUTO MALLS DATA INCIDENT, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A CASH PAYMENT.**

*A court has authorized this Notice.*

*This is not a solicitation from a lawyer.*

*You are not being sued.*

**THIS NOTICE IS ONLY A SUMMARY.**
**VISIT WWW.[SETTLEMENTWEBSITE].COM**
**OR SCAN THIS QR CODE**
**FOR COMPLETE INFORMATION.**

QR code

«Barcode»

Postal Service: Please do not mark barcode

Claim #: XXX- «LoginID» - «MailRec»
«First1» «Last1»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

Doc ID: 487321ce0bd66a75d9428066b7393dda7c71644a

**Why am I receiving this notice?** A Settlement has been reached with J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls ("Fitzgerald Auto Malls") in a class action lawsuit ("Settlement"). The case is about the February 2024 cyberattack on Fitzgerald Auto Malls' computers (the "Data Incident"). Files containing private information were accessed. Fitzgerald Auto Malls denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the class as: "All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident."

In this sentence, "Personal Information" means information collected by Defendant, directly or indirectly, pertaining to its current and former customers and employees, including, but not limited to their names, addresses, dates of birth, driver's license numbers, social security numbers, and financial account information.

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

**What are the Settlement benefits?** You can claim three years of CyEx Financial Shield Total **Credit Monitoring** and **one** of two **Cash Payment** options.

**Cash Payment A – Documented Losses:** If you have documented losses you can get back up to **$5,000.**

**Cash Payment B – Pro Rata Cash Payment**: *instead of* Cash Payment A, you can get a one-time payment, currently estimated to be **$100**.

Full details and instructions are available online.

**How do I receive a benefit?** If you are claiming documented losses, file all of your claims online. Otherwise, you may fill out the Claim Form below. Tear at perforation, and return by U.S. Mail. Postage is already paid. For a full paper Claim Form call **1-XXX-XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue Fitzgerald Auto Malls for the claims made in *this* lawsuit. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline].** The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees of up to one-third of the Settlement Fund; reimbursement of

litigation costs; and $2,500 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

NO POSTAGE NECESSARY IF MAILED IN THE UNITED STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL PERMIT NO 47 COSTA MESA CA

POSTAGE WILL BE PAID BY ADDRESSEE

**JJF Data Incident Settlement**
**c/o Settlement Administrator**
**P.O. Box [PO Box Number]**
**Santa Ana, CA 92799-9958**

**JJF Data Incident Settlement**

《First1》 《Last1》
《Addr1》 《Addr2》
《City》, 《St》 《Zip》

*Complete this Claim Form, tear at perforation, and return by U.S. Mail no later than **[Claims Deadline]**.*

*Only one Claim Form per Class Member.*

Login ID: 《LoginID》
PIN: 《PIN》

**INSTRUCTIONS:** Use this card to submit your claim for three years of **Credit Monitoring** and/or the $100.00 **Cash Payment B – Pro Rata Cash Payment**.

To claim a cash payment for documented losses, visit the settlement website at **www.[SettlementWebsite].com.** To request a full paper Claim Form, call **1-XXX-XXX-XXXX**.

☐ Check this box to enroll in three years of CyEx Financial Shield Total **Credit Monitoring**.

☐ Check this box to claim a **Cash Payment B – Pro Rata Cash Payment**, currently estimated to be $100.

How would you like to be paid:

Check ***one***: ☐ PayPal ☐ Venmo ☐ Zelle ☐ Virtual Prepaid Card ☐ Check (sent to above address)

For digital payment options, please **PRINT** your email address **LEGIBLY** on the line below and doublecheck that it is correct: ______________________________

Notify us if your contact information is different from what is shown above, or changes after submitting this form.

Doc ID: 487321ce0bd66a75d9428066b7393dda7c71644a

# — EXHIBIT 5 —

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

*In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation*

Case No.: 8:25-cv-01377-PX

Honorable Paula Xinis

**[PROPOSED] ORDER GRANTING**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement (the "Motion"), the terms of which are set forth in a Settlement Agreement (the "Settlement Agreement") between Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb ("Plaintiffs") and J.J.F. Management Services, Inc., d/b/a Fitzgerald Auto Malls, ("Defendant") (together, the "Parties"), with accompanying exhibits attached to Plaintiffs' Memorandum of Law in Support of the Motion for Preliminary Approval of Class Action Settlement.[1] This action reflects the consolidation of related actions arising from the same alleged Data Incident.

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for a Settlement Class defined as follows:

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.



Doc ID: 4279210d90f6bfa7970942830f99739225b570c3f44a

> All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident.

Excluded from the Settlement Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity underlying the Security Incident or who pleads *nolo contendere* to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical of and arise from the same operative facts and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class as the Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

2. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Settlement Class Representatives. Additionally, the Court finds Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel.

3. **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and Fourth Circuit precedent.

4. **Jurisdiction**. The Court has subject matter jurisdiction over this action, including pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), and personal jurisdiction over the parties before it. The requirements of CAFA are satisfied, and no exception to jurisdiction applies. Additionally, venue is proper in this District.

5. **Final Approval Hearing**. A Final Approval Hearing shall be held on __________________________ at ________________________________________________, where the Court will determine, among other things, whether: (a) the Settlement Class should be



Doc ID: 427921c0907b6b6a795f79c4230a769c7392e25b5f0e36e4a

finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Settlement Class Counsel for an award of Attorney Fees, Costs, and Expenses should be approved; and (f) the application of the Settlement Class Representatives for Service Awards should be approved.

6. **Settlement Administrator**. The Court appoints Simpluris, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

7. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement are hereby approved. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

8. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons



Doc ID: [illegible]

entitled to receive notice; (d) meet all applicable requirements of law, including Fed. R. Civ. P. 23(b)(3); and (e) and meet the requirements of the Due Process Clauses of the United States Constitution and the Maryland Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members. The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

9. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded (i.e., "opt-out") from the Settlement Class must individually sign and timely submit an opt-out request in the manner provided in the Settlement Agreement. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked within the Opt-Out Period, which is no later than sixty (60) days from the Notice Date, and as stated in the Notice. If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

10. **Objections and Appearances**. A Settlement Class Member desiring to object to the Settlement Agreement may submit a timely written objection within the Objection Period in the manner provided in the Settlement Agreement. Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may



Doc ID: [illegible]

have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

11. **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice. The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

12. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and

before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) there is no Effective Date. In such event, (i) the Parties shall be restored to their respective positions in the Action prior to execution of the Settlement Agreement and shall jointly request that all scheduled Action deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

13. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or propriety of certifying any class. Nor shall this Preliminary Approval Order be construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

14. **Continuance of Hearing**. The Court reserves the right to adjourn, change or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may



Doc ID: 42792100907e66e795f0a42d30a7f9c73922b2b7cce3d4a

approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

15. **Stay of Litigation**. All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

16. **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings

| | |
|---|---|
| Defendant provides class list to the Settlement Administrator | Within ten (10) days of Preliminary Approval |
| Notice Date | Thirty (30) days after Preliminary Approval |
| Motion for Attorney Fees, Costs, and Service Awards | At least 14 days before the deadline for Objections and Opt-Outs |
| Deadline for Objections | Sixty (60) days after the Notice Date |
| Deadline for Opt-Outs | Sixty (60) days after the Notice Date |
| Deadline for Claims | Ninety (90) days after the Notice Date |
| Motion for Final Approval | At least 21 days before the original date set for the Final Approval Hearing |
| Final Approval Hearing | |

**IT IS SO ORDERED** on this __________ day of ____________________, 2026.

________________________________________



Doc ID: [illegible]

# — EXHIBIT 6 —

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| *In re J.J.F. Management Services, Inc. d/b/a Fitzgerald Auto Malls Data Breach Litigation* | Case No.: 8:25-cv-01377-PX<br>Honorable Paula Xinis |

**[PROPOSED] ORDER GRANTING**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"), requesting that the Court enter an Order and Judgment Granting Final Approval of the Class Action Settlement ("Final Order and Judgment") involving Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb ("Plaintiffs") and J.J.F. Management Services, Inc., d/b/a Fitzgerald Auto Malls, ("Defendant") (together, the "Parties"), as fair, reasonable, adequate, and in the best interests of the Settlement Class.

Having reviewed and considered the Amended and Superseding Settlement Agreement and Plaintiffs' Unopposed Motion for Final Approval, and having conducted a Final Approval Hearing, the Court, pursuant to Federal Rules of Civil Procedure 23(e), makes the findings and grants the relief set forth below, approving the Settlement upon the terms and conditions set forth in this Final Order and Judgment.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rules of Civil Procedure 23(e) to make the



Doc ID: 427921c90f96c6795f9423a670c739225f5f07c3f4a

findings and conclusions hereinafter set forth for the limited purpose of determining whether the Settlement should be approved as being fair, reasonable, adequate, and in the best interests of the Settlement Class; and

**THE COURT** having considered all the documents filed in support of the Settlement, and having fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court;

**IT IS ORDERED** on this________ day of _____________________, ___________ that:

1. The Settlement involves allegations that Defendant was impacted by a Data Incident which allegedly caused injuries to Plaintiffs and the Settlement Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Final Order and Judgment with initial capital letters have the same meaning as set forth in the Settlement Agreement, except as otherwise may be indicated.

4. On ________________________________________, the Court entered an Order Granting Preliminary Approval of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), which among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of Notice under the Notice Program set forth in the Settlement Agreement; (b) preliminarily certified a Settlement Class; (c) preliminarily appointed Plaintiffs as the Class Representatives; (d) preliminarily appointed Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Settlement Class Counsel; (e) preliminarily approved the Settlement Agreement and the Settlement as fair, reasonable, adequate,



Doc ID: [illegible]

and in the best interests of the Settlement Class; (f) set deadlines and procedures for Settlement Class Members to request exclusion from and to object to the Settlement; (g) approved and appointed Simpluris, Inc. as the Settlement Administrator; and (h) set the date for the Final Approval Hearing.

5. In the Preliminary Approval Order, pursuant to Federal Rules of Civil Procedure 23, the Court preliminary certified the Settlement Class in this matter defined as follows:

> All persons residing in the United States whom Defendant identified as having Personal Information at issue in the Data Incident.

Excluded from the Settlement Class are (a) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (b) all persons who are directors or officers of Defendant; (c) governmental entities; (d) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (e) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads *nolo contendere* to any such charge. The Court finally certifies the Settlement Class, as defined above and in the Preliminary Approval Order.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and Settlement. The Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing, the Motion for Attorney Fees, Costs, and Service Awards have been provided to Settlement Class Members as directed by this Court's



Doc ID: 48792100037e56a795f9c423a769c7392258a7f0e3f44a

Orders.

9. The Court finds that such Notice as therein ordered, constitutes reasonable notice of the commencement of the action as directed by the Court and meets all applicable requirements of law pursuant to Federal Rules of Civil Procedure 23 and meets the requirements of the Due Process Clauses of the United States Constitution and the Maryland Constitution.

10. The deadline for Settlement Class Members to object to, or to exclude themselves from, the Settlement has passed.

11. ___________objections were filed by Settlement Class Members. The Court has considered all objections (if any) and finds the objections (if any) do not counsel against Settlement Agreement approval, and the objections are hereby overruled in all respects.

12. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

13. As of the final date of the Opt-Out Period, _________ potential Settlement Class Members have submitted a valid Opt-Out Request to be excluded from the Settlement. The names of those persons (if any) are set forth in Exhibit _______ to this Order (if necessary). Those persons (if any) are not bound by this Final Order and Judgment, as set forth in the Settlement Agreement.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. Pursuant to the Settlement Agreement, Defendant and the Settlement Administrator shall implement the Settlement in the manner and timeframe as set forth therein.



Doc ID: [illegible, overprinted]

16. The Court appoints Plaintiffs Christopher Amrine, Alex Norwood, Kipen Henry, Kelly Frolo, and Phillip Lamb as Class Representatives.

17. The Court appoints Nicholas A. Migliaccio of Migliaccio & Rathod LLP, Cassandra P. Miller of Strauss Borrelli PLLC, and Jessica A. Wilkes of Federman & Sherwood as Settlement Class Counsel.

18. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Persons, as defined in the Settlement Agreement, as follows: any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever from the beginning of time until the end of the world, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act arising out of or relating to the Data Incident. Released Claims shall not include the right of any Settlement Class Member, Plaintiffs' counsel, Settlement Class Counsel, or any of the Released Persons to enforce the terms of the Settlement contained in the Settlement Agreement and shall not include the claims of those persons identified in Exhibit ______ to this Final Order and Judgment, who have timely and validly requested exclusion from the Settlement Class.

19. On the Effective Date, the Parties and each and every Settlement Class Member shall be bound by the Settlement Agreement and shall have recourse only to the benefits, rights,



Doc ID: 427921090f96d797f94230c769c7392258707364a

and remedies provided therein. No other action, demand, suit, arbitration, or other claim may be pursued against Defendant or any Released Persons with respect to the Released Claims.

20. Upon the Effective Date, and to the fullest extent permitted by law, each Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, pursuing, or participating in any recovery in any action in this or any other forum (other than participation in the Settlement as provided in the Settlement Agreement) in which any of the Released Claims is asserted.

21. On the Effective Date and in consideration of the promises and covenants set forth in the Settlement Agreement, (i) Plaintiffs and each Settlement Class Member, and each of their respective executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, legal representatives, attorneys, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government in the capacity as *parens patriae* or on behalf of creditors or estates of the releasors), and each of them (collectively and individually, the "Releasing Persons"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Persons from the Released Claims. The release set forth in the preceding sentence (the "Release") shall be included as part of any judgment, so that all Released Claims shall be barred by principles of res judicata, collateral estoppel, and claim and issue preclusion.

22. Without in any way limiting the scope of the Release, the Release covers, without limitation, any and all claims for attorneys' fees, costs, and expenses incurred by Settlement Class

Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Lawsuit, the Settlement, the administration of such Settlement and/or the Released Claims, as well as any and all claims for the Service Awards to Plaintiffs.

23. Subject to Court approval, as of the Effective Date, all Settlement Class Members shall be bound by the Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Lawsuit or the Settlement.

24. As of the Effective Date, the Released Persons are deemed, by operation of the entry of this Final Order and Judgment, to have fully released and forever discharged Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, of and from any claims arising out of the Lawsuit or the Settlement. Any other claims or defenses Defendant or other Released Persons may have against Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or any other counsel representing Plaintiffs or Settlement Class Members, including, without limitation, any claims based upon or arising out of any employment, debtor-creditor, contractual, or other business relationship that are not based upon or do not arise out of the institution, prosecution, assertion, settlement, or resolution of the Lawsuit or the Released Claims are not released, are specifically preserved, and shall not be affected by the preceding sentence.

25. As of the Effective Date, the Released Persons are deemed, by operation of entry of the Final Order and Judgment, to have fully released and forever discharged each other of and from any claims they may have against each other arising from the claims asserted in the Lawsuit, including any claims arising out of the investigation, defense, or Settlement of the Lawsuit.



Doc ID: [illegible]

26. The matter is hereby dismissed with prejudice and without costs, except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

This Final Order and Judgment resolves all claims against all parties in the Lawsuit and is a final order. There is no just reason to delay the entry of final judgment in this matter, and the Clerk is directed to file this Final Order and Judgment as the final judgment in this matter.

**IT IS SO ORDERED** on this _________ day of _______________, ________.

________________________________________



Doc ID: [illegible]